# UNITED STATES DISTRICT COURT

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

for the

NOV 2 8 2023

## EASTERN DISTRICT OF ARKANSAS

TAMMY H. DOWNS, CLERK

By:_____ DEP CLERK

<u>Central</u>　　　Division

|  |  |  |
|---|---|---|
| Jeremy Wayne Stevens | ) | CASE No. **4:23-cv-1134-KGB** |
| Plaintiff | ) | This case assigned to District Judge **Baker** |
| vs. | ) | and to Magistrate Judge **Ervin** |
| Jodi Raines Dennis | ) | VERIFIED |
| Defendant | ) |  |

## COMPLAINT FOR CIVIL CASE ALLEGING DUE PROCESS VIOLATIONS
(United States Constitution, Article IV Section 4, Amendment V, and Amendment XIV
18 U.S.C. § 242 and 42 U.S.C. § 1983)

I.　　**The Parties to This Complaint**

    A.　The Plaintiff

        Name:　　　　　　　<u>Jeremy Wayne Stevens</u>

        Street Address:　　　<u>1320 Homestead Drive</u>

        City and County:　　<u>White Hall, Jefferson County Arkansas</u>

        State and Zip Code:　<u>Arkansas, 71602</u>

        Telephone Number:　_____

        E-Mail Address:　　<u>x@merelaw.org</u>

    B.　The Defendant

        Name:　　　　　　　<u>Jodi Raines Dennis</u>

        Job or Title (if known)

        Street Address　　　<u>8916 MIDDLE WARREN RD</u>

        City and County　　<u>Pine Bluff, Jefferson</u>

        State and Zip Code　<u>Arkansas, 71603</u>

        Telephone Number　<u>870-555-1234</u>

        Email Address (if known)　<u>Unknown</u>

II.   **Basis of Jurisdiction**

   A.  Jeremy Wayne Stevens is domiciled in the Eastern District of Arkansas.

   B.  Jodi Raines Dennis is domiciled in the Eastern District of Arkansas.

   C.  The amount in controversy is lawful money valued at 100,000 United States dollars and zero cents.

   D.  This court has jurisdiction and authority over the matter under the united States Constitution and the laws of the united States.

   E.  This cause is brought pursuant to the united States Constitution: Article IV Section 4, Amendment V, and Amendment XIV § 1; 18 USC 242 and 42 USC 1983.

   F.  Venue is appropriate in this court. Plaintiff and Defendant are located in and the deprivation of rights under color or law giving rise to this action at law occurred in this judicial district.

III.  **Statement of Claim**

**VERIFIED COMPLAINT**

1. Comes now Jeremy Wayne Stevens (hereinafter "the People"), one of the people of the united States, and in this court of record complains of Jodi Raines Dennis (hereinafter, "Tortfeasor") who is summoned to answer the People in a plea of trespass on the case (hereinafter, "CASE"), to wit:

**CAUSE OF ACTION – CASE**

**INTRODUCTION**

2. Tortfeasor exceeded her jurisdiction under color of law which resulted in the violation of due process by constructively causing the People to lose their court of record (hereinafter, "The Court"). Her actions were taken either directly, through an agent, or in concert with another.

3. A plaintiff when bringing his action has his choice of proceedings. In the case involving the violations of due process, his choice was at law in a court of record. A court of record, guaranteed to the people in the constitutions of the state of Arkansas and the laws of the state of Arkansas, was opened by the People. None objected. Tortfeasor did take it upon herself, in excess of the jurisdiction entrusted to her by the people and evidenced by her oath of office, to constructively cause the People to lose their court. These actions were taken even though Jodi Dennis knew or should have known that The Court was a court of record of general jurisdiction and superior to that of a court not of record, or one of limited/inferior jurisdiction; the proceedings of the inferior court were to halt until such time that the superior court had determined jurisdiction; the people were present in The Court; and that she served as magistrate for The Court with no judicial authority or discretion and with no leave from The Court to perform any actions she performed in any court not of record – a court of limited jurisdiction – or on behalf of The Court. Instead of fulfilling the ministerial duties of magistrate in a court of record, Jodi Dennis did through her actions constructively cause the People to lose the substantive right guaranteed the people in a republic to due process at law in a court of record.

4. These actions of Tortfeasor are in direct violation of the law and the laws of the state of Arkansas and of the united States.

5. The federal courts are obligated to act to guarantee to the People their republican[1] form of government, to secure substantive rights, to protect due process, and to aid the People to those ends when agents of state governments act against the rights of the people.

---

[1] Whereas, the People of the Territory of Arkansas did, on the thirtieth day of January, in the present year, by a Convention of Delegates, called and assembled for the purpose, form for themselves a Constitution and State Government, which Constitution and State Government, so Formed, is republican;... [Act of Congress for the Admission of Arkansas into the Union, Revised Statutes of 1838, Page 48.]

6. This action at law is for violation of the People's substantive rights under color of law and protected by the united States Constitution: Article IV § 4, Amendment V, and Amendment XIV § 1; 18 U.S.C. § 242 and 42 U.S.C. § 1983.

FACTS

7. Tortfeasor is an elected official of the Circuit Court of Jefferson County Arkansas.

8. Tortfeasor took an oath of office ("Exhibit O") upon entering the office in which she serves.

9. The constitution for the state of Arkansas, the laws of the state of Arkansas, and the statutes of the state of Arkansas establish the courts of the state to be courts of record[2].

10. A claim was made against The People in an inferior court not of record[3].

11. The People filed a counterclaim challenging jurisdiction of the inferior court in a circuit court of Arkansas on 25 August 2022. ("Exhibit A")

12. Through his counterclaim, a court of record, one of general jurisdiction and superior to an inferior court of limited jurisdiction, was opened by the People.

13. None objected to the court being one of record. Tacit agreement to proceed at law in a court of record was made by all parties to the counterclaim of the People when no objection was raised.

14. The People were present in The Court at all times.

15. Tortfeasor by virtue of her office served as magistrate in The Court.

16. No leave from The Court was given Tortfeasor authorizing any tribunal authority within The Court or authorizing the proceedings of the inferior court prior to judgment.

---

[2] The supreme Court, Court of Appeals, and all circuit and county courts shall be courts of record and shall keep just and faithful records of their proceedings. Rev Stat., ch. 43, § 13; ASA 1947, § 22-101; Acts 2003, No 1185, § 39; ACA § 16-10-104

[3] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

17. Parties to the counterclaim either demurred or defaulted.

18. Judgement ("Exhibit J") on the counterclaim was issued by The Court with order to show cause.

19. None provided just show of cause as to why the judgment of The Court should not stand. No presentments of objection were made to The Court. Though in the judgment of The Court the defendants were invited to file their post-judgment objections, none moved for reconsideration of the judgment. None filed a notice of appeal. None appealed the judgment. The judgement now stands without any legitimate sign of objection.

20. Tortfeasor, contrary to the orders and judgments of The Court, held unlawful proceedings of the inferior court while in direct view of The Court.

21. The People, being present, objected to the unlawful proceedings of the inferior court.

22. During the objection made by The People to the unlawful proceedings of the inferior court, notice was given of the superior court's determinations. Copies of these determinations were offered to the inferior court. None accepted. (Exhibit "S")

23. During the unlawful proceedings of the inferior court, Tortfeasor identified herself as the court.

24. On 17 February 2023 a summary ruling of contempt from The Court against Jodi Dennis was entered on the record of The Court. ("Exhibit C").

25. The contempt ruling again explained jurisdiction and the role of magistrate of The Court and fined Jodi Dennis for unlawful proceedings of the inferior court.

26. No objections, responses, or presentments were made The Court concerning the contempt.

27. On 28 February 2023 Tortfeasor signed and entered or had entered orders (hereinafter: "Inferior Court Orders 1") from the inferior court on the docket of the inferior court. (Exhibit "I")

28. No leave of The Court was given Tortfeasor or the inferior court for Inferior Court Orders 1.

29. The Court, through their representative, issued a Writ of Error (Exhibit "E"), along with an order to show cause, correcting this unlawful process which was without leave of The Court and not proceeding as instructed from The Court's judgments and orders.

30. None objected to the writ of error by presentment to The Court.

31. No cause was entered on the record to show why the order should not stand.

32. On 17 April 2023 Tortfeasor signed and electronically filed "ORDER STRIKING FRAUDULENT DOCUMENTS", hereinafter, "Inferior Court Order #2" (Exhibit "K").

33. Inferior Court Order #2 denied or constructively denied the chosen representative for The Court the ability to file orders and judgments from The Court with the Clerk of the circuit court.

34. Inferior Court Order #2 denied or constructively denied the People the constitutional, legal, and lawful guarantee to a court of record.

35. The People was owed a duty by Tortfeasor who acted in a way or failed to act in a way resulting in the denial of the People's substantive and legal rights to a court of record and to proceed as a court of record proceeds.

36. This duty has been breached, actually or effectively, by the actions of Tortfeasor.

<u>LAW OF THE CASE</u>

37. Exhibit "L" is incorporated by reference as though fully stated herein[4].

---

[4] The very meaning of 'sovereignty' is that the decree of the sovereign makes law. [American Banana Co. v. United Fruit Co., 29 S.Ct. 511, 513, 213 U.S. 347, 53 L.Ed. 826, 19 Ann.Cas. 1047.]

**IV.    Relief**

JUDGEMENT AND ORDER

38. For that cause of action therefore, the People brings his suit.

39. WHEREFORE, the People prays judgment against Jodi Raines Dennis for the sum in lawful money equivalent to 100,000 US dollars and for such other and further relief, both at law and in equity, to which the People may be justly and legally entitled.

VERIFICATION

40. I am Jeremy Wayne Stevens. I am the Plaintiff in this case. I have direct knowledge of the foregoing facts and am competent to testify as to the truth of these facts if called as a witness. I declare under oath to Almighty God that the foregoing is true and correct, and that this declaration was executed on November _28_, 2023.

by _____

Jeremy Wayne Stevens

Exhibits (Certified copies available for review upon request):

Exhibit O: Oath of Office

Exhibit A: Counterclaim

Exhibit J: Judgment; Notice: FRCP Rule 59(e)

Exhibit S: Excerpt from Court Reporter of unlawful process of Inferior Court

Exhibit C: Summary Ruling Direct Contempt

Exhibit I: Inferior Court Orders #1

Exhibit E: Writ of Error

Exhibit K: ORDER STRIKING FRAUDULENT DOCUMENTS

Exhibit L: Law of the Case



# STATE OF ARKANSAS

## SECRETARY OF STATE



EXHIBIT

O

1 of 2

I, John Thurston, Secretary of State of the State of Arkansas, and as such, keeper of the official records of this office, do hereby certify that the following and hereto attached instrument of writing is a true and perfect copy of the

## **Duplicate Oath of Office for Jodi Raines Dennis**



**In Testimony Whereof,** I have hereunto set my hand and affixed my official Seal. Done at my office in the City of Little Rock, this 28th day of March, 2023.

John Thurston

John Thurston
Secretary of State

# State of Arkansas

## Duplicate Official Oath of Office



EXHIBIT

*O*

2 of 2

*Every officer administering this Oath of Office is required by law to endorse this duplicate thereof, which must be returned to the office of the Secretary of State, State Capitol, Room 026, Little Rock, Arkansas 72201,* **WITHIN FIFTEEN (15) DAYS** *after the Commission is dated.*

**I, Jodi Raines Dennis, do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State of Arkansas, and that I will faithfully discharge the duties of the office of Circuit Judge, District 11-West, Division 05, At Large, upon which I am about to enter.**

F I L E D

JAN 12 2021

**Arkansas Secretary of State**

_Jodi Raines Dennis_
(Signature)

101 W. Barraque Street Suite 213
(Street Address)

Pine Bluff, AR 71601
(City, State, Zip Code)

870   541-5377
(Telephone number)

Sworn to and subscribed before me, _Alex Guynn_
(name of person administering oath)

A _Circuit Judge_  in and for the _11 W Judicial Dist_
(position of administering officer)                              (state, county, or judicial district)

this _4_ day of _January_ ,20_21_.

_Alex G_
(Signature of Administering Officer)

This Oath may be administered through the provisions of ACA 21-2-105 depending on the office to which you were elected but  **NOT BY A NOTARY PUBLIC**.

ELECTRONICALLY FILED
Jefferson County Circuit Court
Barbara A. Collins, Circuit Clerk
2022-Aug-25  12:19:26
35CV-22-47
C11WD05 : 14 Pages

1  Jeremy Stevens
   1320 Homestead Drive
2  White Hall, Arkansas

**EXHIBIT**

**A**

3
4
5
6
7  ----------------------------------------)----------------------------------------

8              CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

9  SIMMONS BANK                    )    Case No.       35CV-22-47
                                   )
10         Plaintiff               )    COUNTERCLAIM
                                   )        FOR JURISDICTION
11  VS.                            )        AND ACCOUNT
                                   )
12  SOUTHERN DOMES, LLC  AND       )        (verified)
    JEREMY WAYNE STEVENS           )
13                                 )
           Defendants             )
14                                 )
    ----------------------------------------)
15
    Jeremy Wayne Stevens,          )
16                                 )
           Counter Claimant,       )
17                                 )
           vs.                     )
18                                 )
    SIMMONS BANK and CIRCUIT       )
19         COURT OF JEFFERSON      )
           COUNTY ARKANSAS         )
20         No. 35CV-22-47          )
                                   )
21         Counter Defendants      )
                                   )
22  ----------------------------------------)

23  /

24  /

25  /

26  /

Counterclaim – Jurisdiction and Account



A TRUE COPY, I CERTIFY
FLORA C. BISHOP, Clerk

Page 1 of 4

1  1.   Comes now Jeremy Wayne Stevens (hereinafter "Counterclaimant"), one of the people of

2  the State of Arkansas, and in this court of record counterclaim against the following

3  Counter Defendants: "CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS No. 35CV-

4  22-47" and SIMMONS BANK (hereinafter referred to together as "Counterdefendants").

5

## FIRST CAUSE OF ACTION - JURISDICTION

6
   2.   This action arises from Counterdefendants failing to prove jurisdiction to proceed;
7
   Counterdefendants are duty bound to provide proof of jurisdiction.
8
   3.   On Monday, January 24th, 2022 SIMMONS BANK filed suit against Counterclaimant in
9
   CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS No. 35CV-22-47. This claim is
10
   part of the court record.
11
   5.   Counterclaimant, objecting to the jurisdiction of the court, made motion to CIRCUIT
12
   COURT OF JEFFERSON COUNTY ARKANSAS No. 35CV-22-47 for dismissal for lack of
13
   jurisdiction. This motion is part of the court record.
14
   6.   A hearing was held on May 16, 2022, in CIRCUIT COURT OF JEFFERSON COUNTY,
15
   ARKANSAS No. 35CV-22-47 for the motion to dismiss submitted by Counterclaimant. This
16
   motion was denied and jurisdiction was assumed without proof. The order from CIRCUIT
17
   COURT OF JEFFERSON COUNTY ARKANSAS No. 35CV-22-47 is part of the court record.
18
   7.   Counterdefendants have a duty to prove jurisdiction when objection to jurisdiction is
19
   asserted.
20
   8.   Counterdefendants have breached this duty.
21

22

1          <u>SECOND CAUSE OF ACTION - ACCOUNT</u>

2    9.      Paragraphs 3 of this document is incorporated by reference as though fully stated

3    herein.

4    10.     This action arises from the demand of ACCOUNT of the alleged obligation of the

5    Counterclaimant to SIMMONS BANK.

6    11.     The suit filed by SIMMONS BANK claims a security interest in an asset noted as being

7    2015 Caterpillar 299C Skid Steer SN CAT0299CEJSP00550. This alleged interest is based on

8    an alleged obligation titled "Promissory Note" and identified as "Loan No 8380" contained

9    within the original claim filed by SIMMONS BANK.

10   12.     Counterdefendants have a duty to ACCOUNT and prove the obligation alleged.

11   13.     Counterdefendants have breached this duty.

12                            <u>LAW OF THE CASE</u>

13   14.     Attachment L is incorporated by reference as though fully stated herein.

14                    <u>REQUEST FOR JUDGEMENT AND ORDER</u>

15   15.     For these causes of action therefore Counterclaimant brings his suit.

16   16.     Although COURT OF JEFFERSON COUNTY ARKANSAS No. 35CV-22-47 and

17   SIMMONS BANK are named as counter defendants, no monetary damages against defendants

18   are demanded.

19   17.     WHEREFORE, Counterclaimant respectfully requests that the Court dismiss this suit

20   with prejudice and for such other and further relief, both at law and in equity, to which the

21   Counterclaimant may be justly and legally entitled.

22   /

23   /

24   /

Counterclaim – Jurisdiction and Account                          Page 3 of 4

VERIFICATION

17.    I am Jeremy Wayne Stevens. I am the Counterclaimant in this case. I have personal knowledge of the foregoing facts and am competent to testify as to the truth of these facts if called as a witness. I declare under penalty of perjury under the laws of the State of Arkansas that the foregoing is true and correct, and that this declaration was executed in Jefferson County, Arkansas on August 24, 2022.

by: _____

Jeremy Wayne Stevens

## CERTIFICATE OF SERVICE

Simmons Bank,

Attn: Rosalind M Mouser

Post Office Box 7009,

White Hall, Arkansas 71611

and

FRIDAY, ELDREDGE & CLARK, LLP

Attn: Lindsey Emerson Raines, Ark Bar No 2016199

400 West Capitol Avenue, Suite 2000

Little Rock, Arkansas 72201-3522

This document was mailed to the above addresses on 25th day of August 2022.

And

CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS No. 35CV-22-47

Attn: Barbara Collins, Circuit Clerk for Jefferson County Arkansas

Eleventh West Judicial Circuit

101 East Barraque Street

Pine Bluff, Arkansas 71601

By _____

# Begin Attachment L

<u>LAW OF THE CASE</u>

1.  The law of the case, so far as it is not repugnant to or
    inconsistent with the common law, is the rule of decision
    in this case and is decreed as follows:

2.  This court takes judicial cognizance of the following:

3.  Judicial Cognizance. Judicial notice, or knowledge upon
    which a judge is bound to act without having it proved in
    evidence. Black's Law Dictionary, Revised Fourth Edition,
    p. 984

4.  The very meaning of 'sovereignty' is that the decree of
    the sovereign makes law. [American Banana Co. v. United
    Fruit Co., 29 S.Ct. 511, 513, 213 U.S. 347, 53 L.Ed. 826,
    19 Ann.Cas. 1047.]

5.  Full Faith and Credit shall be given in each State to the
    public Acts, Records, and judicial Proceedings of every
    other State; … [ Constitution for the United States of
    America, Article IV § 1]

6.  All political power is inherent in the people and the
    government is instituted for their protection, security
    and benefit;… [Constitution of the State of Arkasnas of
    1874, Article 2 § 1

7.  The sovereignty of the state resides in the people
    thereof... [California Government Code, Section 100(a)]

8.  It is the public policy of this state that the public
    agencies exist to aid in the conduct of the people's
    business…The people of this state do not yield their
    sovereignty to the agencies which serve them. [California
    Government Code, Section 11120.]

9.  The people of this State do not yield their sovereignty
    to the agencies which serve them. [California Government
    Code Section 54950.].

10. Laws, whether organic or ordinary, are either written or
    unwritten. [California Code of Civil Procedure, Section
    1895.]

11.   A written law is that which is promulgated in writing,
      and of which a record is in existence. [California Code
      of Civil Procedure, Section 1896]

12.   The organic law is the Constitution of the Government,
      and is altogether written. Other written laws are
      denominated statutes. The written law of this State is
      therefore contained in its Constitution and statues, and
      in the Constitution and statutes of the United States.
      [California Code of Civil Procedure, Section 1897]

13.   Any judicial record may be impeached by evidence of a
      want of jurisdiction in the Court or judicial officer, of
      collusion between the parties, or of fraud in the party
      offering the record, in respect to the proceedings.
      [California Code of Civil Procedure, Section 1916]

14.   …at the Revolution, the sovereignty devolved on the
      people; and they are truly the sovereigns of the country,
      but they are sovereigns without subjects…with none to
      govern but themselves… [CHISHOLM v. GEORGIA (US) 2 DALL
      419, 454, 1 L Ed 440, 455 @DALL (1793) pp 471-472.]

15.   The people of this State, as the successors of its former
      sovereign, are entitled to all the rights which formerly
      belonged to the King by his prerogative. [Lansing v.
      Smith, 4 Wend. 9 (N.Y.) (1829), 21 Am.Dec. 89 10C Const.
      Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat.
      Sec. 219; Nuls Sec. 167; 48 C Wharves Sec. 3,7.]

16.   A consequence of this prerogative is the legal *ubiquity*
      of the king. His majesty in the eye of the law is always
      present in all his courts, though he cannot personally
      distribute justice. (Fortesc.c.8. 2Inst.186) His judges
      are the mirror by which the king's image is reflected. 1
      Blackstone's Commentaries, 270, Chapter 7, Section 379.

17.   "This enumeration of rights shall not be construed to
      deny or disparage others retained by the people; …."
      [Constitution of the State of Arkansas, Article 2,
      Declaration Of Rights Sec. 29.]

18.   The assertion of federal rights, when plainly and
      reasonably made, is not to be defeated under the name of
      local practice. [Davis v. Wechsler, 263 US 22, 24.]

LAW OF THE CASE                                    Page 2 of 8

19.   Where rights secured by the Constitution are involved,
      there can be no rule making or legislation which would
      abrogate them. [Miranda v. Arizona, 384 US 436, 491.]

20.   There can be no sanction or penalty imposed upon one
      because of this exercise of constitutional rights.
      [Sherer v. Cullen, 481 F 946.]

21.   Whereas, the People of the Territory of Arkansas did, on
      the thirtieth day of January, in the present year, by a
      Convention of Delegates, called and assembled for the
      purpose, form for themselves a Constitution and State
      Government, which Constitution and State Government, so
      Formed, is republican;… [Act of Congress for the
      Admission of Arkansas into the Union, Revised Statutes of
      1838, Page 48.]

22.   Republican government. One in which the powers of
      sovereignty are vested in the people and are exercised by
      the people, either directly, or through representatives
      chosen by the people, to whom those powers are specially
      delegated. [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35
      L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162,
      22 L.Ed. 627." Black's Law Dictionary, Fifth Edition, p.
      626.]

23.   This Constitution, and the Laws of the United States
      which shall be made in Pursuance thereof; and all
      Treaties made, or which shall be made, under the
      Authority of the United States, shall be the supreme Law
      of the Land; and the Judges in every State shall be bound
      thereby; any Thing in the Constitution or Laws of any
      State to the Contrary notwithstanding. [Constitution for
      the United States of America, Article VI, Clause 2.]

24.   COURT. The person and suit of the sovereign; the place
      where the sovereign sojourns with his regal retinue,
      wherever that may be. [Black's Law Dictionary, 5th
      Edition, page 318.]

25. COURT OF RECORD. To be a court of record a court must have four characteristics, and may have a fifth. They are:

   1) A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Mete. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

   2) Proceeding according to the course of common law [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Mete. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

   3) Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]

   4) Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

   5) Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

26. ...our justices, sheriffs, mayors, and other ministers, which under us have the laws of our land to guide, shall allow the said charters pleaded before them in judgement in all their points, that is to wit, the Great Charter as the common law.... [Confirmatio Cartarum, November 5, 1297, *Sources of Our Liberties* Edited by Richard L. Perry, American Bar Foundation

27. Henceforth the writ which is called Praecipe shall not be served on any one for any holding so as to cause a free man to lose his court. [Magna Carta, Article 34].

28. "MAGISTRATE. An official entrusted with administration of the laws." Merriam-Webster On-Line Dictionary"

29. "MAGISTRATE. Person clothed with power as a public civil officer. State ex rel. Miller v. McLeod, 142 Fla. 254, 194 So. 628, 630." Black's Law Dictionary, 4th Ed., 1103

30. "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law. Ex parte Kearny, 56 Cal. 212; Smith v. Andrews, 6 Cal. 652; 7 Cal.Jur. 578.

31. "No officer can acquire jurisdiction by deciding that he has it. In all such cases, every officer, whether judicial or ministerial, decides at his peril." John Middleton v. F.F. Low, Governor of California (1866), 30 Cal. 596, 607

32. CCP 1209.    (a) The following acts or omissions in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:

   3) Misbehavior in office, or other willful neglect or violations of duty by an attorney, counsel, clerk, sheriff, coroner, or other person [e.g. a judge or magistrate], appointed or elected to perform a judicial or ministerial service;
   4) Abuse of the process or proceedings of the court, or falsely pretending to act under authority of an order or process of the court;

   5) Disobedience of any lawful judgment, order, or process of the court;

   8) Any other unlawful interference with the process or proceedings of a court;

   11) Disobedience by an inferior tribunal, magistrate, or officer, of the lawful judgment, order, or process of a superior court, or proceeding in an action or special proceeding contrary to law, after such action or special proceeding is removed from the jurisdiction of such inferior tribunal, magistrate, or officer.

LAW OF THE CASE

33. Revised Statutes, 1838. Every court of record shall have the power to punish for criminal contempt, persons guilty of the following acts,…

> (3) Third, willful disobedience of any process or order, lawfully issued or made by it.

> (4) Fourth, resistance, willfully offered by any person, to the lawful order or process of the court.

34. Arkansas Code Annotated § 16-10-108: (c) Contempts committed in the immediate view and presence of the court may be punished summarily. In other cases, the party charged shall be notified of the accusation and shall have a reasonable time to make his or her defense.

> (d) (1) Whenever any person is committed for a contempt under the provisions of this section, the substance of his or her offense shall be set forth in the order or warrant of commitment.

35. CCP 1211. (a)When a contempt is committed in the immediate view and presence of the court, or of the judge at chambers, it may be punished summarily; for which an order must be made, reciting the facts as occurring in such immediate view and presence, adjudging that the person proceeded against is thereby guilty of a contempt, and that he be punished as therein prescribed.

When the contempt is not committed in the immediate view and presence of the court, or of the judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the contempt, or a statement of the facts by the referees or arbitrators, or other judicial officers.

36. ...our justices, sheriffs, mayors, and other ministers, which under us have the laws of our land to guide, shall allow the said charters pleaded before them in judgement in all their points, that is to wit, the Great Charter as the common law.... Confirmatio Cartarum, November 5, 1297, *Sources of Our Liberties* Edited by Richard L. Perry, American Bar Foundation.

37. Henceforth the writ which is called Praecipe shall not be served on any one for any holding so as to cause a free man to lose his court. Magna Carta, Article 34, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson.

38. "[T]o none deny or delay, right or justice." Magna Carta, Clause 40, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson

39. "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record." Ex parte Kearny, 55 Cal. 212; 7 Cal.Jur 579 .

40. "But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be." Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barratt, 5 Cal. 195; 7 Cal. Jur. 579.

41. "And if at a later time its acts are shown to have been in excess of the power conferred upon it or without the limits of this special jurisdiction, such acts are nugatory and have no binding effect, even upon those who have invoked its authority or submitted to its decision." Estate of Sutro, 143 Cal. 487, 77 Pac. 402; Heydenfeldt V. Superior Court, 117 Cal. 348, 49 Pac. 210; Long v. Superior Court, 102 Cal. 449, 36 Pac. 807; Neary v. Godfrey, 102 Cal. 338, 36 Pac. 655; Smith v. Westerfield, 88 Cal. 374, 26 Pac. 206; Umbarger v. Chaboya, 49 Cal. 525; 7 Cal.Jur. 579.

42. If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract. [Uniform Commercial Code § 3-603, a]

43. If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates. [Uniform Commercial Code § 3-603, b]

44. If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract. [AR Code § 4-3-603, a]

45. If tender of payment of an obligation to pay an instrument
    is made to a person entitled to enforce the instrument,
    the effect of tender is governed by principles of law
    applicable to tender of payment under a simple contract.
    [AR Code § 4-3-603, b]

ELECTRONICALLY FILED
Jefferson County Circuit Court
Barbara A. Collins, Circuit Clerk
2022-Oct-19 09:54:57
35CV-22-47
C11WD05 : 9 Pages

1  Jeremy Stevens
   1320 Homestead Drive
2  White Hall, Arkansas
   Attornatus Privatus
3                                    )
                                     )
4                                    )
                                     )
5                                    )
                                     )
6                                    )
7  ---------------------------------)------------------------------------

8              CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

9  Jeremy Wayne Stevens,         )    Case No.      35CV-22-47
                                 )
10      Counter Claimant,        )    JUDGMENT;
                                 )    NOITCE: FRCP Rule 59(e)
11 VS.                           )
                                 )
12 SIMMONS BANK and CIRCUIT      )
      COURT OF JEFFERSON         )
13    COUNTY ARKANSAS            )
      No. 35CV-22-47             )
14                               )
      Counter Defendants         )
15                               )
   ---------------------------------)

16

17                          CONTENTS

18           I.    Introduction
             II.   Jurisdiction of this Court
19           III.  Facts
             IV.   Conclusions of Law
20           V.    Judgement
             VI.   FRCP RULE 59(e) Reconsideration of Judgment
21

JUDGMENT, OSC - Page 1 of 9

A TRUE COPY, I CERTIFY
FLORA C. BISHOP, Clerk

I
INTRODUCTION

All of the served counterdefendants have either demurred or defaulted. No facts are in controversy.[1] All that remains is to refer the law arising thereon to the court. This case turns on a single question of law: Do the defendant actors have jurisdiction? The facts presented to the court show that none of the defendants were injured; there is no corpus delicti. Further, the subsequent courts involved were courts of inferior jurisdiction,[2] even though they were otherwise courts of general jurisdiction.[3] Further, it is acknowledged that when jurisdiction was challenged, the challenge was denied by the court of inferior jurisdiction and the jurisdiction was assumed without proof.[4] This court of record[5] now proceeds[6] to judgment on the demurrer[7] and judgment on the default.

---

[1] Demurrer, In Pleading: [A demurrer] admits the facts, and refers the law arising thereon to the court. R. L. Davies & Co. v. Blomberg, 185 N.C. 496, 117 S.E. 497

[2] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

[3] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[4] "No officer can acquire jurisdiction by deciding he has it. The officer, whether judicial or ministerial, decides at his own peril." Middleton v. Low (1866), 30 C. 596, citing Prosser v. Secor (1849), 5 Barb.(N.Y) 607, 608.

[5] Arkansas Code Annotated 16-10-104; Acts 2003, No. 1185, § 39; ASA 1947, § 22-101; Rev Stat ch 43, § 13; "The Supreme Court, Court of Appeals, and all circuit and county courts shall be courts of record…"

COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:… "Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426]"

[6] "But where the question upon which the jurisdiction depends is one of law purely the jurisdiction over the subject matter is always open to collateral inquiry …" Grannis v. Superior Court, 146 Cal. 245 [79 P. 891, 106 Am.St.Rep. 23]

[7] "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted is equivalent to a general demurrer." Louisiana Farmers' Protective Union v. Great Atlantic and Pacific Tea Co of America, D.C.Ark., 40 F.Supp. 897

II
JURISDICTION OF THIS COURT

The first duty of a court is to determine whether or not it has jurisdiction. The jurisdiction is established by the plaintiff when he claims an injury[8], selects the forum, serves the defendants, and the defendants make personal appearances.

"[Jurisdiction] is the authority by which courts[9] ... take cognizance of and decide cases."[10] This authority[11] comes from the sovereign people of Arkansas[12] who do not yield their sovereignty to the agencies which serve them.

In the counterclaim, counterplaintif asserted[13] without objection[14] that he is one of the people[15] of Arkansas, and that his selected forum is a court of record.[16] The counter defendants

---

[8] Plaintiff established jurisdiction when he averred that the acts complained of are contrary to law, and tend to the injury of the plaintiff, and he has not a complete remedy without the assistance of the court. See *Mitlord on Equity Pleading*

[9] "Court: The person and suit[e] of the sovereign" Black's Law Dictionary, 4th Ed., 425, 426 Court: An agency of the sovereign created by it directly or indirectly under its authority, consisting of one or more officers, established and maintained for the purpose of hearing and determining issues of law and fact regarding legal rights and alleged violations thereof, and of applying the sanctions of the law, authorized to exercise its powers in the course of law at times and places previously determined by lawful authority. [Isbill v. Stovall, Tex.Civ.App., 92 S.W.2d 1067, 1070; Black's Law Dictionary, 4th Edition, page 425]

[10] Board of Trustees of Firemen's Relief and Pension Fund of City of Marietta v. Brooks, 179 Okl. 600, 67 P.2d 4, 6; Morrow v. Corbin, 122 Tex. 553, 62 S.W. 2d 641; State v. Barnett, 110 Vt. 221, 3 A.2d 521, 526

[11] The very meaning of 'sovereignty' is that the decree of the sovereign makes law. [American Banana Co. v. United Fruit Co., 29 S.Ct. 511, 513, 213 U.S. 347, 53 L.Ed. 826, 19 Ann.Cas. 1047.]

[12] "All political power is inherent in the people and government is instituted for their protection, security, and benefit;..." Constitution of Arkansas, 1874, §1. Source of power.

[13] "...Jeremy Wayne Stevens (hereinafter "Counterclaimant"), one of the people of the State of Arkansas, and in this court of record counterclaim against the following ..." Counterclaim, page 2, Paragraph 1

[14] The record does not show that any objection to the status or forum was asserted.

[15] "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves.....'' [Chisholm v. Georgia (US) 2 Dall 419, 454, 1 L Ed 440, 455 @ DALL (1793) pp 471-472.]

[16] Arkansas Code Annotated 16-10-104: Acts 2003, No. 1185, § 39; ASA 1947, § 22-101; Rev Stat ch 43; § 13: "The Supreme Court, Court of Appeals, and all circuit and county courts shall be courts of record..."
    COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:
    1.    A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See. also. Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426]
    2.    Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See; also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426]

were duly[17] served.  Counter defendants personally appeared before the court by demurrer or defaulted.

This court comes now to enter final judgment on the demurrer[18], final judgment on the default, and to order defendants and magistrate to show cause, if any there be, why these judgments should be rescinded or modified.

This court concludes that because of the counter plantiff's status as a people[19], his counterclaim[20] re jurisdiction and account, the counter defendants were properly served, and the defendants personally appeared in this action or defaulted; this court has jurisdiction over the subject matter and in personam, and may proceed to judgment.[21]

III
FACTS

The following uncontested facts are taken from the counter plaintiff's verified counterclaim. No opposing facts were submitted to the court by any of the defendants. The facts

---

3.    Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph.  Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]

4.    Has power to fine or imprison for contempt.  [3 Bl. Comm. 24; 3 Steph.  Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426]

5.    Generally possesses a seal.  [3 Bl. Comm. 24; 3 Steph.  Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231; Black's Law Dictionary, 4th Ed., 425, 426]

[17] "According to law in both form and substance.  Welborn v. Whitney, 190 Okl. 630, 126 P.2d 263, 266; Cromwell v. Slaney, C.C.A.Mass., 65 F.2d 940, 941; Zechiel v. Firemen's Fund Ins. Co., C.C.A.Ind., 61 F.2d 27, 28.

[18] "A court, after overruling a general demurrer to a complaint on the ground that it does not state a cause of action, may in its discretion enter final judgment on the demurrer; Alley v. Nott, 111 U.S. 472, 4 Sup. Ct. 495, 28 L.Ed. 491."  1 Bouvier's Law Dictionary unabridged, 840

[19] "All political power is inherent in the people and government is instituted for their protection, security, and benefit;..." Constitution of Arkansas, 1874, Art II, §1. Source of power.

[20]   The Plaintiff has chosen to exercise his powers directly rather than through his representatives.

"REPUBLICAN GOVERNMENT:  One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated."  [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v.  Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627; Black's Law Dictionary, Fifth Edition. p. 626.]

"Whereas, the People of the Territory of Arkansas did…form for themselves a Constitution and State Government, which Constitution and State Government, so formed, is republican;"  [Act [of Congress] of Admission of Arkansas Into the Union]

[21] "A court, after overruling a general demurrer to a complaint on the ground that it does not state a cause of action, may in its discretion enter final judgment on the demurrer; Alley v. Nott, 111 U.S. 472, 4 Sup. Ct. 495, 28 L.Ed. 491."  1 Bouvier's Law Dictionary unabridged, 840

of the case, by reason of defendants' demurrer and default, are fully admitted by the defendants.[22]

Counterplaintiff Jeremy Wayne Stevens (hereinafter "plaintiff") was sued by SIMMONS BANK (hereinafter Simmons) in the CIRCUIT COURT OF JEFFERSON COUNTY ARKANSAS No. 35CV-22-47 (hereinafter "Inferior Court") on Monday, January 24th, 2022. The claim for replevin filed by Simmons claims a security interest in an asset noted as being a "2015 Caterpillar 299C Skid Steer SN CAT0299CEJSP00550". This alleged interest is based on an alleged obligation titled "Promissory Note" and is identified as "Loan No 8380". Simmons had a duty to provide ACCOUNT to prove the alleged debt. This duty was breached as no ACCOUNT was provided.

The jurisdiction of Inferior Court was challenged by plaintiff through a motion to dismiss due to lack of jurisdiction. The motion which was heard by special appearance in Inferior Court on May 16th, 2022, was denied by Inferior Court, and jurisdiction was asserted by Inferior Court without proof.

IV
CONCLUSIONS OF LAW

The *LAW OF THE CASE* is decreed in the counterclaim;[23] therefore, the Law of the Case[24] is applied herein.

It now falls upon this court to apply the law to the facts germane to the claim.

The principle issue before this court of record is whether or not the defendants and their courts acquired jurisdiction over the plaintiff. If they acquired proper jurisdiction, then the plaintiff has no case. On the other hand, if there is no jurisdiction, the defendants, by their acts, each of them has acquired an obligation to the plaintiff.

The sovereign people of the State of Arkansas established the State Constitution (1874).[25] The people insist on retaining control over the instruments they have created.[26] This implies that the instruments (agencies) they have created may not control the people.

---

[22] Demurrer, In Pleading: [A demurrer] admits the facts, and refers the law arising thereon to the court. R. L. Davies & Co. v. Blomberg, 185 N.C. 496, 117 S.E. 497

[23] Counterclaim, Page 3, lines 12 and 13

[24] See Counterclaim, Attachment "L", Law of the Case, filed 25 August 2022.

[25] "We, the people of the State of Arkansas, grateful to Almighty God for the privilege of choosing our own form of government, for our civil and religious liberty, and desiring to perpetuate its blessings and secure the same to ourselves and posterity, do ordain and establish this Constitution." Arkansas Constitution, Preamble

[26] "All political power is inherent in the people and government is instituted for their protection, security, and benefit;..." Constitution of Arkansas, 1874, Art II, §1. Source of power.

The Arkansas Code Annotated, gathering its authority from the Arkansas Constitution, mandates that all Arkansas courts are courts of record.[27] One of the five characteristics of a court of record is that it is proceeding according to the course of common law.[28] An Arkansas superior court is a fully empowered court with unlimited jurisdiction, proceeding according to the course of common law. A court proceeding under any other direction is a "nisi prius"[29] or "inferior court".[30] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the later, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record."[31] "But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be."[32] "And if at a later time its acts are shown to have been in excess of the power conferred upon it or without the limits of this special jurisdiction, such acts are nugatory and have no binding effect, even upon those who have invoked its authority or submitted to its decision."[33]

All parties agree on the facts. While in the inferior court, a timely objection to jurisdiction was made. In this case inspection of the court docket sheets and minutes show that the court proceeded not in accordance with the common law; they proceeded in accordance with the special rules handed them by legislature. By their procedures they recast themselves as inferior courts instead of constitutional superior courts of record. Because plaintiff timely objected, the inferior-court jurisdiction was not properly acquired. Without a "contract" (actual or implied) there is no authorization to proceed, other than in a court of record proceeding according to the course of common law.[34]

---

[27] Arkansas Code Annotated 16-10-104; Acts 2003, No. 1185, § 39; ASA 1947, § 22-101; Rev Stat ch 43, § 13: "The Supreme Court, Court of Appeals, and all circuit and county courts shall be courts of record…"

[28] Arkansas Code Annotated 16-10-104; Acts 2003, No. 1185, § 39; ASA 1947, § 22-101; Rev Stat ch 43, § 13: "The Supreme Court, Court of Appeals, and all circuit and county courts shall be courts of record…"

COURT OF RECORD: To be a court of record a court must have four characteristics, and may have a fifth. They are:…"Proceeding according to the course of common law. [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. Sec. also. Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689; Black's Law Dictionary, 4th Ed., 425, 426]"

[29] A "nisi prius court" is a court which will proceed unless a party objects. The failure to object grants jurisdiction to proceed.

[30] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law. Ex parte Kearny, 56 Cal. 212; Smith v. Andrews, 6 Cal. 652; 7 Cal.Jur. 578

[31] Ex parte Kearny, 55 Cal. 212; 7 Cal.Jur 579

[32] Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barratt, 5 Cal. 195; 7 Cal. Jur. 579

[33] Estate of Sutro, 143 Cal. 487, 77 Pac. 402; Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Long v. Superior Court, 102 Cal. 449, 36 Pac. 807; Neary v. Godfrey, 102 Cal. 338, 36 Pac. 655; Smith v. Westerfield, 88 Cal. 374, 26 Pac. 206; Umbarger v. Chaboya, 49 Cal. 525; 7 Cal.Jur. 579

[34] Rhetorically, the questions could be asked: Is it an act of treason when a public official takes unlawful dominion over the sovereign People of the United States? Could such state officials be prosecuted under 18 USC 242 which makes it a federal crime to deprive or conspire to deprive, under color of law, any person of his rights?

There is no presumption in favor of the validity of the judgments of an inferior court.[35] Such judgments are subject to collateral attack.[36] "[I]f at a later time its acts are shown to have been in excess of the power conferred upon it or without the limits of this special jurisdiction, such acts are nugatory and have no binding effect, even upon those who have invoked its authority or submitted to its decision."[37]

Plaintiff Jeremy Wayne Stevens is one of the people of the State of Arkansas. Inferior Court exceeded their jurisdiction when they acted as an inferior court, their acts in excess of the power conferred upon them and asserted their jurisdiction over one of the people of Arkansas.

In this case, there is no authority for the public servants to take command of the sovereignty of the State. Every person who heard and ignored the objections, and failed to inquire further, and failed to change his or her behavior, must answer for the injury to the plaintiff. This is especially so when none of the defendants suffered injury or have shown proof of injury.

SIMMONS BANK is a defendant in this case and appeared by demurrer.[38]

CIRCUIT COURT OF JEFFERSON COUNTY ARKANSAS No. 35CV-22-47 defaulted.

In general there is no direct evidence that the defendants is the agent and bailee of the other. Nor is there any direct evidence that the defendants conspired together. But the actions of each of the defendants show a pattern to the court that each worked toward the common goal against the plaintiff.

---

[35] Ex parte Kearny, 55 Cal. 212; 7 Cal.Jur 579

[36] "...a superior court may be shown not to have had power to render a particular judgment by reference to its record." Ex parte Kearny, 55 Cal. 212; 7 Cal.Jur. 579 "The case of Ritchie v. Sayers (C. C.), 100 Fed. 520, involved a collateral attack on a judgment, and the court after referring to the rule as generally stated in the books, namely, that the judgment of a court having jurisdiction of the parties and the subject-matter of the action is conclusive and cannot be collaterally called into question, said: 'That may be conceded, but the question is, did it have jurisdiction to enter the particular decree and judgment that it did enter? As we have before seen, we reach the conclusion that the particular judgment could not be entered; and it is a well-settled principle that, although a court may have jurisdiction of a case, yet, if it appears from the record that it did not have jurisdiction to enter the particular decree and judgment, it may be collaterally attacked.'" Michael v. Williams, 13 Cal.App.2d 198, 200, 201

[37] Estate of Sutro, 143 Cal. 487, 77 Pac. 402; Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Long v. Superior Court, 102 Cal. 449, 36 Pac. 807; Neary v. Godfrey, 102 Cal. 338, 36 Pac. 655; Smith v. Westerfield, 88 Cal. 374, 26 Pac. 206; Umbarger v. Chaboya, 49 Cal. 525; 7 Cal.Jur. 579

[38] "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted is equivalent to a general demurrer." Louisiana Farmers' Protective Union v. Great Atlantic and Pacific Tea Co of America. D.C.Ark., 40 F.Supp. 897

The action of ACCOUNT lies when there is a fiduciary capacity. The fiduciary contract[39] submitted by Simmons as evidence and basis for the action of replevin establishes the fiduciary capacity. This capacity causes the action of ACCOUNT to be valid. In addition in Simmons' demurrer[40] it is admitted, by mutual consent, there is a duty to provide ACCOUNT to prove the alleged obligation[41] which is the foundation of the claim of replevin. Once more, by mutual consent, this duty has been breached. There is no evidence submitted to this court demonstrating the injury to Simmons. It is a well-established principle of law that where there is no injury there can be no liability.

V

JUDGMENT

THE COURT ADJUDGES AS FOLLOWS:

For the reasons stated above, this Court of Record finds that the inferior court, CIRCUIT COURT OF JEFFERSON COUNTY ARKANSAS No. 35CV-22-47, defaulted, and thus failed to prove jurisdiction when demanded. Its acts are nugatory and have no binding effect.[42] The records of said inferior court not of record are impeached for want of jurisdiction.[43]

SIMMONS BANK for reasons stated above has failed in their duty to produce appropriate evidence of injury.

This lawful Court of Record now orders the case, CIRCUIT COURT OF JEFFERSON COUNTY ARKANSAS No. 35CV-22-47, DISMISSED WITH PREJUDICE.

Counterplaintiff shall serve all parties of record with this judgment.

---

[39] "An agreement by which a person delivers a thing to another on the condition that he will restore it to him." Blacks Law, 4th Edition, p753

[40] Demurrer. In Pleading: [A demurrer] admits the facts, and refers the law arising thereon to the court. R. L. Davies & Co. v. Blomberg, 185 N.C. 496, 117 S.E. 497

[41] "To recover on a promissory note, the plaintiff must prove: ... 4) that a certain balance is due and owing on the note." SMS Financial LLC v. Abco Homes. Inc. No. 98-50117 February 18, 1999 (167 F.3d. 235; 5th Circuit Court of appeals.)

[42] Estate of Sutro, 143 Cal. 487, 77 Pac. 402; Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Long v. Superior Court, 102 Cal. 449, 36 Pac. 807; Neary v. Godfrey, 102 Cal. 338, 36 Pac. 655; Smith v. Westerfield, 88 Cal. 374, 26 Pac. 206; Umbarger v. Chaboya, 49 Cal. 525; 7 Cal.Jur. 579

[43] "A judgment which is void upon its face, and which requires only an inspection of the judgment roll to demonstrate its want of vitality is a dead limb upon the judicial tree, which should be lopped off, if the power so to do exists." (People v. Greene, 74 Cal. 400 [16 P. 197, 5 Am.St.Rep. 448].) Michael v. Williams, 13 Cal.App.2d 198, 199 (1936)

## VI
### FRCP RULE 59(e)
### RECONSIDERATION OF JUDGMENT

PLEASE TAKE NOTICE: In accordance with Rule 59(e)[44] of the Federal Rules of Civil Procedure any party may move for reconsideration of judgment within 10 days of entry of judgment. The court, mindful of the rights of the parties and the importance of fair play, will liberally construe the arguments presented.

THE COURT

WITNESS: The SEAL of the COURT this 19th day of October, 2022

By _____
Jeremy Wayne Stevens
Attornatus Privatus

---

[44] Federal Rules of Civil Procedure, Rule 59(e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

EXHIBIT
S
1 of 2

2

1                        **PROCEEDINGS**

2         **THE COURT:**  We are scheduled this morning for a

3 civil hearing on 2022-47, Simmons Bank versus

4 Southern Domes and Jeremy Stevens.  You are Mr.

5 Stevens?

6         **THE DEFENDANT:**  Yes, Ma'am.  Yes, Your Honor.

7         **THE COURT:**  Okay.  And Ms. Raines?

8         **MS. RAINES:**  Yes, Ma'am.

9         **THE COURT:**  And we are not kin?

10         **MS. RAINES:**  I do not believe so.  My husband is

11 very much from Alabama and I asked if there was any

12 chance and he said he did not think so.

13         **THE COURT:**  I don't think so either.  And hello,

14 Mr. Bellingrath.  How are you?

15         **MR. BELLINGRATH:**  Good, Judge.  Thank you.

16         **THE COURT:**  Are you ready to proceed, Ms.

17 Raines?

18         **MS. RAINES:**  Yes, Ma'am.  Good morning, Your

19 Honor.  May it please the Court --

20         **THE DEFENDANT:**  I have to object.

21         **THE COURT:**  You could tell me why.

22         **THE DEFENDANT:**  I object to the proceeding is

23 improper.  The Court has already determined on the

24 motion.  I have copies of it if the Court needs to

25 see a copy.

1    **THE COURT:**  I don't make decisions on these

2    orders, on all of the motions, sir.

3    **THE DEFENDANT:**  Yes, Ma'am.  For the record, I

4    object.

5    **THE COURT:**  Okay.  Thank you.

6    **MS. RAINES:**  Good morning, Judge Dennis.  Thank

7    you for having us today.  There are a number of

8    motions pending before the Court and I can take them

9    up or we can take them up in whatever order you

10   prefer.  But Mr. Stevens has filed a second motion to

11   dismiss in this case.  I don't know if we want to

12   start there.  And I can do a brief opening that might

13   provide some context.

14   **THE COURT:**  Sure.  That would be great.

15   **MS. RAINES:**  The Bank's position is this is a

16   very straight forward replevin in collection action.

17   The complaint was filed back in January of 2022,

18   recorded by the relevant affidavits.  The Court

19   already ruled on the issue of jurisdiction on May 25,

20   2022.  And significantly for our purposes today, that

21   order gave the defendant through January -- pardon

22   me, June 13, 2022 to file an answer.  Presently

23   pending today we have what I'm calling, defendant's

24   second motion to dismiss which was filed prior to

25   that June 13th deadline.  That if fully briefed as

ELECTRONICALLY FILED
Jefferson County Circuit Court
Flora Cook-Bishop, Circuit Clerk
2023-Feb-17  08:59:55
35CV-22-47
C11WD05 : 18 Pages

Jeremy Stevens                          )
1320 Homestead Drive                    )
White Hall, Arkansas                    )
Attornatus Privatus                     )
                                        )
                                        )
                                        )
                                        )
                                        )
                                        )
                                        )
                                        )
-------------------------------------)------------------------------------



## CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

Jeremy Wayne Stevens,          )        Case No.      35CV-22-47
                               )
        Counterplaintiff,      )        SUMMARY RULING
                               )        DIRECT CONTEMPT:
VS.                            )
                               )        (Confidential Personnel Matter)
SIMMONS BANK and CIRCUIT       )
        COURT OF JEFFERSON     )
        COUNTY ARKANSAS        )
        No. 35CV-22-47         )
        Counter Defendants     )
-------------------------------------)

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/



A TRUE COPY, I CERTIFY
FLORA C. BISHOP, Clerk

COMES NOW THE ABOVE ENTITLED COURT OF RECORD (hereinafter "Constitutional Court")[1] Suo Moto and finds Jodi Raines Dennis and the inferior[2] special[3] Circuit Court of Jefferson County Arkansas known as SIMMONS BANK vs. SOUTHERN DOMES, LLC AND JEREMY WAYNE STEVENS NO. 35CV-22-47 (hereinafter "Inferior Court"); individually in contempt[4] of the authority of the Constitutional Court for the violation committed in the immediate view and presence of the Constitutional Court[5] on February 6, 2023, in Jefferson County, Pine Bluff, Arkansas.

## SUMMARY

Oliver Wendell Holmes once wrote, "I long have said there is no such thing as a hard case. I am frightened weekly, but always when you walk up to the lion and lay hold, the hide comes off and the same old donkey of a question of law is underneath."[6]

Duty now falls upon this court of record to lay hold of the lion, unhide the underlying question of law, and do what is necessary to preserve the rights of the parties to orderly due process and the good conduct of the business of this court, and to vindicate the authority and dignity of this court in the face of an apparent modern palace rebellion.

Throughout the case being heard before this Court of Record two points have been asserted: Jeremy Wayne Stevens is one of the people[7] of Arkansas and the Constitutional Court

---

[1] The supreme Court, Court of Appeals, and all circuit and county courts shall be courts of record and shall keep just and faithful records of their proceedings. Rev Stat., ch. 43, § 13; ASA 1947, § 22-101; Acts 2003, No 1185, § 39; ACA § 16-10-104

[2] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

[3] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[4] In determining whether a particular action by a judge constitutes criminal or civil contempt, the focus is on the character of relief rather than the nature of the proceeding. *Fitzhugh v. State*, 296 Ark. 137, 138, 752 S.W.2d 275, 276 (1988). **678 Because civil contempt is designed to coerce compliance with the court's order, the civil contemnor may free himself or herself by complying with the order. *See Id.* at 139, 752 S.W.2d at 276. This is the source of the familiar saying that civil contemnors "carry the keys of their prison in their own pockets." *Id.* at 140, 752 S.W.2d at 277 (quoting *Penfield Co. v. S.E.C.*, 330 U.S. 585, 593, 67 S.Ct. 918, 91 L.Ed. 1117 (1947)) (quoting *In re Nevitt*, 117 F. 448, 461 (8th Cir.1902)). Criminal contempt, by contrast, carries an unconditional penalty, and the contempt cannot be purged. *Fitzhugh*, 296 Ark. at 139, 752 S.W.2d at 276–277.

[5] "Court...The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue, **wherever that may be**." [Emphasis added] Page 425, Black's Law Dictionary, Revised Fourth Edition

[6] Holmes-Pottock Letters 156

[7] All political power is inherent in the people and the government is instituted for their protection, security and benefit;... [Constitution of the State of Arkansas of 1874, Article 2 § 1

is a court of record.[8] General jurisdiction over the subjects was acquired upon filing and service of the counterclaim. The counterclaim constituted a collateral attack upon the officers, jurisdiction, and proceedings of the Inferior Court. Each judgment, order, or other finding from the Constitutional Court restated the basis of jurisdiction, either directly or indirectly. In the judgment issued by this court the subjects of the orders were granted a full opportunity to show cause if any defects there be: Inferior Court defaulted and Simmons Bank, acting by improper procedure, Moved to Strike the judgment of the court as if it were a pleading of the Counterplaintiff. The Constitutional Court, in the interest of justice and with liberal interpretation of the improper motion, reviewed the motion as a Show of Cause, and after review concluded there to be no standing for correction or recission of the judgment of the court as previously determined. The Constitutional Court denied the motion and provided yet another opportunity to show cause, if any there be, as to why the order should not stand. No further submittals to the court from any party were put before the court for consideration, i.e. both Inferior Court and Coutnerdefendant, Simmons Bank, agreed with the findings of the Constitutional Court by default.

The Constitutional Court issued judgment of the counterclaim and dismissed the case[9] due to no established jurisdiction over the Counterplaintiff. Instead of recognizing the authority of the Constitutional Court, the officers of the Inferior Court, having been served the Judgement and order Denying the Motion to Strike issued from this Court of Record, convened a session of the Inferior Court while in the immediate presence and view of the Constitutional Court[10] of Jeremy Wayne Stevens, a people[11] of Arkansas. During that proceeding the officers of the Inferior Court, in the immediate view and presence of the Constitutional Court, openly conspired

---

[8] The court of record must meet all of the following requirements:
   A. The tribunal is independent of the magistrate (judge) [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]
   B. Proceeding according to the common law [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]
   C. Power to fine or imprison for contempt [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]
   D. Keeps a record of the proceedings [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]
   E. Generally has a seal [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis. 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]
[9] Judgement is available on the DOCKET of the case
[10] "Court...The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue, wherever that may be." [Emphasis added] Page 425, Black's Law Dictionary, Revised Fourth Edition
[11] All political power is inherent in the people and the government is instituted for their protection, security and benefit;... [Constitution of the State of Arkansas of 1874, Article 2 § 1
"...The people of this state do not yield their sovereignty to the agencies which serve them." [California Government Code, Section 11120.]
"...The people of this State do not yield their sovereignty to the agencies which serve them." [California Government Code Section 54950.]

to perpetuate their pseudo-jurisdiction, the very pseudo-jurisdiction which they, by default, admitted that they do not have.

## SEALING OF RECORDS

Although the contempt transpired in open court, the papers of this personnel matter are ordered sealed to protect the privacy of the subject persons. This ruling may be unsealed verbally, by action, or in writing at any time in or out of court session by Jodi Raines Dennis or any court of record.

This following is organized into five sections:

I.  JUDICIAL COGNIZANCE
II.  FINDINGS OF FACT
III.  DISCUSSION AND CONCLUSIONS OF LAW
IV.  IMPEACHMENT AND PENALTY

## I.  JUDICIAL COGNIZANCE

This Constitutional Court again takes judicial cognizance and again decrees as follows:

1.  JUDICIAL COGNIZANCE.  Judicial notice, or knowledge upon which a judge is bound to act without having it proved in evidence.  [Black's Law Dictionary, 5th Edition, page 760.]

2.  All political power is inherent in the people and the government is instituted for their protection, security and benefit;... [Constitution of the State of Arkansas of 1874, Article 2 § 1

3.  Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State; ... [Constitution for the United States of America, Article IV § 1]

4.  It is the public policy of this state that the public agencies exist to aid in the conduct of the people's business...The people of this state do not yield their sovereignty to the agencies which serve them. [California Government Code, Section 11120.]

5.  In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business....The people of this State do not yield their sovereignty to the agencies which serve them. [California Government Code Section 54950.]

6.  Laws, whether organic or ordinary, are either written or unwritten. [California Code of Civil Procedure, Section 1895.]

7.  A written law is that which is promulgated in writing, and of which a record is in existence. [California Code of Civil Procedure, Section 1896]

8.  The organic law is the Constitution of Government, and is altogether written. Other written laws are denominated statutes. The written law of this State is therefore contained in its Constitution and statutes, and in the Constitution and statutes of the United States. [California Code of Civil Procedure, Section 1897]

9. Any judicial record may be impeached by evidence of a want of jurisdiction in the Court or judicial officer, of collusion between the parties, or of fraud in the party offering the record, in respect to the proceedings. [California Code of Civil Procedure, Section 1916]

10. While a judge is essential to a court, **the judge of a court is not the court**. A court is an incorporeal entity, distinct from the persons of the officers through whom its business is conducted. Cal Jur v7, pp 578 [emphasis added]

11. ...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves... [CHISHOLM v. GEORGIA (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL (1793) pp471-472.]

12. The very meaning of 'sovereignty' is that the decree of the sovereign makes law. [American Banana Co. v. United Fruit Co., 29 S.Ct. 511, 513, 213 U.S. 347, 53 L.Ed. 826, 19 Ann.Cas. 1047.]

13. The people of this State, as the successors of its former sovereign, are entitled to all the rights which formerly belonged to the King by his prerogative. [Lansing v. Smith, 4 Wend. 9 (N.Y.) (1829), 21 Am.Dec. 89 10C Const. Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 167; 48 C Wharves Sec. 3, 7.]

14. A consequence of this prerogative is the legal *ubiquity* of the king. His majesty in the eye of the law is always present in all his courts, though he cannot personally distribute justice. (Fortesc.c.8. 2Inst.186) His judges are the mirror by which the king's image is reflected. 1 Blackstone's Commentaries, 270, Chapter 7, Section 379.

15. "This enumeration of rights shall not be construed to deny or disparage others retained by the people;.." [Constitution of the State of Arkansas, Article 2, Declaration of Rights, § 29]

16. The state cannot diminish rights of the people. [Hurtado v. California, 110 US 516]

17. The assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice. [Davis v. Wechsler, 263 US 22, 24.]

18. Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them. [Miranda v. Arizona, 384 US 436, 491.]

19. There can be no sanction or penalty imposed upon one because of this exercise of constitutional rights. [Sherer v. Cullen, 481 F 946.]

20. Whereas, the People of the Territory of Arkansas did, on the thirtieth day of January, in the present year, by a Convention of Delegates, called and assembled for the purpose, form for themselves a Constitution and State Government, which Constitution and State Government, so Formed, is republican;... [Act of Congress for the Admission of Arkansas into the Union, Revised Statutes of 1838, Page 48.]

21. Republican government. One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated. [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627." Black's Law Dictionary, Fifth Edition, p. 626.]

22. This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby; any Thing in the Constitution or Laws of any State to the Contrary notwithstanding. [Constitution for the United States of America, Article VI, Clause 2.]

23. COURT.  The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue, wherever that may be. [Black's Law Dictionary, 5th Edition, page 318.]

24. COURT.  An agency of the sovereign created by it directly or indirectly under its authority, consisting of one or more officers, established and maintained for the purpose of hearing and determining issues of law and fact regarding legal rights and alleged violations thereof, and of applying the sanctions of the law, authorized to exercise its powers in the course of law at times and places previously determined by lawful authority. [Isbill v. Stovall, Tex.Civ.App., 92 S.W.2d 1067, 1070; Black's Law Dictionary, 4th Edition, page 425]

25. The supreme Court, Court of Appeals, and all circuit and county courts shall be courts of record and shall keep just and faithful records of their proceedings. Rev Stat., ch. 43, § 13; ASA 1947, § 22-101; Acts 2003, No 1185, § 39; ACA § 16-10-104

26. COURT OF RECORD.  To be a court of record a court must have four characteristics, and may have a fifth.  They are:

    A. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

    B. Proceeding according to the course of common law [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

    C. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]

    D. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

    E. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

27. ...our justices, sheriffs, mayors, and other ministers, which under us have the laws of our land to guide, shall allow the said charters pleaded before them in judgement in all their points,

that is to wit, the Great Charter as the common law.... [Confirmatio Cartarum, November 5, 1297" "Sources of Our Liberties" Edited by Richard L. Perry, American Bar Foundation.]

28. "Henceforth the writ which is called Praecipe shall not be served on any one for any holding so as to cause a free man to lose his court." Magna Carta, Article 34.

29. Arkansas Code Annotated § 16-10-108: (c) Contempts committed in the immediate view and presence of the court may be punished summarily.

30. CCP 1209.

   a.  The following acts or omissions in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:

       3)  Misbehavior in office, or other willful neglect or violations of duty by an attorney, counsel, clerk, sheriff, coroner, or other person [e.g. a judge or magistrate], appointed or elected to perform a judicial or ministerial service;

       4)  Abuse of the process or proceedings of the court, or falsely pretending to act under authority of an order or process of the court;

       5)  Disobedience of any lawful judgment, order, or process of the court;

       8)  Any other unlawful interference with the process or proceedings of a court;

      11) Disobedience by an inferior tribunal, magistrate, or officer, of the lawful judgment, order, or process of a superior court, or proceeding in an action or special proceeding contrary to law, after such action or special proceeding is removed from the jurisdiction of such inferior tribunal, magistrate, or officer.

        . . .

      (c) Notwithstanding Section 1211 or any other provision of law, if an order of contempt is made affecting an attorney, his agent, investigator, or any person acting under the attorney's direction, in the preparation and conduct of any action or proceeding, the execution of any sentence shall be stayed pending the filing within three judicial days of a petition for extraordinary relief testing the lawfulness of the court's order, the violation of which is the basis of the contempt. . . [California Code of Civil Procedure]

31. CCP 1209. (a) When a contempt is committed in the immediate view and presence of the court, or of the judge at chambers, it may be punished summarily; for which an order must be made, reciting the facts as occurring in such immediate view and presence, adjudging that the person proceeded against is thereby guilty of a contempt, and that he be punished as therein prescribed.

32. CCP 1221. Whenever, by the provisions of this title, an officer is required to keep a person arrested on a warrant of attachment in custody, and to bring him before a court or judge, the inability, from illness or otherwise, of the person to attend, is a sufficient excuse for not bringing him up; and the officer must not confine a person arrested upon the warrant in a prison, or otherwise restrain him of personal liberty, except so far as may be necessary to secure his personal attendance.

33. CCP 1222. The judgment and orders of the court or judge, made in cases of contempt, are final and conclusive.

34. Arkansas Code Annotated 16-10-108

(a) Every court of record shall have power to punish, as for criminal contempt, persons guilty of the following acts and no others:

(1) Disorderly, contemptuous, or insolent behavior committed during the court's sitting, in its immediate view and presence, and directly tending to interrupt its proceedings or to impair the respect due to its authority;

(2) Any breach of the peace, noise, or disturbance directly tending to interrupt its proceedings;

(3) Willful disobedience of any process or order lawfully issued or made by it;

(4) Resistance willfully offered by any person to the lawful order or process of the court; and

(5) The contumacious and unlawful refusal of any person to be sworn as a witness and when so sworn a similar refusal to answer any legal and proper interrogatory.

## II. FINDINGS OF FACT

THIS COURT FINDS the following facts to be certain:

35. Throughout this case two basic jurisdictional points were asserted:  Jeremy Wayne Stevens is one of the people[12] of Arkansas, and the Constitutional Court[13] is a court of record[14]

---

[12] All political power is inherent in the people ...[Constitution of the State of Arkansas of 1874, Article 2 § 1

"...The people of this state do not yield their sovereignty to the agencies which serve them." [California Government Code, Section 11120.]

"...The people of this State do not yield their sovereignty to the agencies which serve them." [California Government Code Section 54950.]

[13] The supreme Court, Court of Appeals, and all circuit and county courts shall be courts of record and shall keep just and faithful records of their proceedings. Rev Stat., ch. 43, § 13; ASA 1947, § 22-101; Acts 2003, No 1185, § 39; ACA § 16-10-104

[14] The court of record must meet all of the following requirements:

A. The tribunal is independent of the magistrate (judge) [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

B. Proceeding according to the common law [Jones v. Jones. 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black s Law Dictionary, 4th Ed., 425, 426]

C. Power to fine or imprison for contempt [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

D. Keeps a record of the proceedings [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229: Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]

of general jurisdiction.  Jurisdiction over the subjects was acquired when the counterclaim was filed and served.  The counterclaim constituted a collateral attack upon the officers, jurisdiction, and proceedings of the Inferior Court.[15]  Each judgment and order from the Constitutional Court, a superior court[16], re-explained its own jurisdiction, either directly or indirectly.  The subjects of the order Denying the Motion to Strike and upholding the judgment were granted a full opportunity to show cause if any defects there be:  the Inferior Court and Simmons Bank agreed by default.

36.  The Constitutional Court determined jurisdiction had not been established by Inferior Court even though ample opportunity and time was given to Simmons Bank and the Inferior Court and, being a superior court, ordered the case dismissed for lack of jurisdiction. Instead, on 06 February 2023, the officers of Inferior Court, namely Jodi Raines Dennis and Lindsey Emerson Raines, convened a session of the Inferior Court while in the immediate presence and view of the Constitutional Court[17] of Jeremy Wayne Stevens, one of the people of Arkansas. At the outset of that session the Counterplaintiff objected to the proceedings as improper[18]. The judgment and order of this court were offered by Counterplainff to officers present. None accepted. Instead, Jodi Raines Dennis, the magistrate designated generally to hold court, stated that she had made no such ruling implying she alone was the court[19]. When asked by the counterplaintiff at another point in the improper proceeding if the magistrate believed she was was the court[20], the reply from the magistrate was clear: "Yes, I sure am." During the improper and sham convening of the Inferior Court supposedly concerning the already adjudged motion, Jodi Raines Dennis openly conspired together with Lindsey Raines Emerson and proceeded to perpetuate the pseudo-jurisdiction under color of law,[21] the very pseudo-jurisdiction which the defaults and demurrer in this case admit does not lawfully exist.

---

E. Generally has a seal [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E 229, 231.][Black's Law Dictionary, 4th Ed , 425, 426]

[15] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law."  Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

[16] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record.  Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court.  But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be.  Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[17] "Court...The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue. **wherever that may be**." [Emphasis added] Page 425, Black's Law Dictionary, Revised Fourth Edition

[18] Official transcript: page 2, lines 22-25; Attachment T

[19] Official transcript: page 3, lines 1-2; Attachment T

[20] Official transcript: page 18, lines 16-18. Attachment T.

[21] The Constitutional Court (superior court) has not yet considered the contempt under the light of the state and federal criminal statutes; e.g.:  18 USC Sec. 241. Conspiracy against rights.  If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right **or privilege secured to him by the Constitution or laws of the United**

### III. DISCUSSION AND CONCLUSIONS OF LAW

37. It is the design of our systems of jurisprudence that courts have no jurisdiction until a party comes forth and declares a cause needing resolution. The particular jurisdiction depends upon how the cause is declared by the plaintiff. Jurisdiction may be administrative, at law, in equity, or in any of many other formats. In this case the jurisdiction is at law in a court of record under the sovereign authority of a people of the State of Arkansas.

38. It is essential to understand what are a sovereign, a magistrate, a court, and a court of record.

39. A court is "The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue, **wherever that may be.**"[22] [emphasis added]

40. Who is the sovereign? It is the people either in plural[23] or in singular capacity.[24] In singular capacity, in this case, it is Jeremy Wayne Stevens, one of the people as contemplated in the preambles of the 1836 Constitution of Arkansas, the 1874 Constitution of the State of Arkansas, and the 1789 Constitution for the United States of America.

41. Arkansas, the State of Arkansas, and the United States of America have no general sovereignty. Theirs is a clipped sovereignty. Whatever sovereignty they have is limited to their respective constitutionally defined spheres of control. The general sovereignty is reserved to the

---

States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured - They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 USC Sec. 242. Deprivation of rights under color of law. Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race. than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

[22] Black's Law Dictionary, 4th Ed., 425, 426

[23] PEOPLE, n. [L. populus.] The body of persons who compose a community, town, city or nation. We say, the people of a town; the people of London or Paris; the English people. In this sense, the word is not used in the plural, but it comprehends all classes of inhabitants, considered as a collective body,... Webster's 1828 Dictionary

[24] PEOPLE...considered as....any portion of the inhabitants of a city or country. Ibid.

people without diminishment.[25] Lest that be forgotten, the California Government Code[26] twice admonishes the public servants that, "The people of this state do not yield their sovereignty to the agencies which serve them."[27] Further, when the State of California did attempt to diminish one's rights, it was determined that the state cannot diminish rights of the people.[28] These restrictions on government apply to the agents holding office under the Constitution of Arkansas as well.

42. It is by the prerogative of the sovereign[25] whether and how a court is authorized to proceed. In this case, the chosen form of the court is that of a court of record.

43. A qualifying feature of a court of record is that the tribunal is independent of the magistrate appointed to conduct the proceedings.[29]

44. The magistrate is a person appointed or elected to perform ministerial service in a court of record[30]. His service is ministerial because all judicial functions in a court of record are reserved to the tribunal, and, by definition of a court of record, that tribunal must be independent of the magistrate. The non-judicial functions are "ministerial" because they are absolute, certain and imperative, involving merely execution of specific duties arising from fixed and designated facts.

45. In this instance the Inferior Court[31] is not a court of record. Its proceedings and judgments are subject to collateral attack from the Constitutional Court.[32]

---

[25] "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves" CHISHOLM v. GEORGIA (US) 2 Dall 419, 454, 1 L Ed 440, 455 @ DALL 1793 pp471-472

The people of this State, as the successors of its former sovereign, are entitled to all the rights which formerly belonged to the King by his prerogative. Through the medium of their Legislature they may exercise all the powers which previous to the Revolution could have been exercised either by the King alone, or by him in conjunction with his Parliament;..." Lansing v. Smith, 4 Wendell 9 (N.Y.) (1829), 21 American Decision 89; 10C Const. Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 1 67; 48 C Wharves Sec. 3, 7.

[26] Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State; ... [Constitution for the United States of America, Article IV § 1]

[27] California Government Code, Sections 11120 and 54950

[28] Hertado v. California, 110 US 516

[29] Court of Record: A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill. 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

[30] Long v. Seabrook, 260 S.C. 562, 197 S.E.2d 659, 662; Black's Law Dictionary, Fifth Edition, p 899

[31] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

[32] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny. 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But

45. In this instance the Inferior Court[32] is not a court of record. Its proceedings and judgments are subject to collateral attack from the Constitutional Court.[33]

46. Arkansas Code Annotated provides that acts in respect to a court's orders are contempts of the authority of the court if a person disobeys any lawful order of the court. California Code of Civil Procedure, Section 1209[34] restates the preceding requirement for contempt and adds that a contempt also is achieved when an inferior magistrate or officer disobeys the lawful order of a superior court, or proceeding in an action or special proceeding contrary to law, after such action or special proceeding is removed from the jurisdiction of such inferior magistrate or officer.

---

[32] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

[33] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[34] CCP 1209. (a) The following acts or omissions in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:

. . .

5. Disobedience of any lawful judgment, order, or process of the court;

. . .

11. Disobedience by an inferior tribunal, magistrate, or officer, of the lawful judgment, order, or process of a superior court, or proceeding in an action or special proceeding contrary to law, after such action or special proceeding is removed from the jurisdiction of such inferior tribunal, magistrate, or officer.

## IV.  IMPEACHMENT AND PENALTY

THE COURT, HAVING REVIEWED THE FACTS AND THE RECORD, FINDS THAT

Jodi Raines Dennis and the inferior special Circuit Court of Jefferson County Arkansas known as SIMMONS BANK vs. SOUTHERN DOMES, LLC AND JEREMY WAYNE STEVENS NO. 35CV-22-4, are each adjudged guilty of contempt of this court; and

Jodi Raines Dennis shall pay a fine of one dollar ($1) to the Clerk of the Circuit Court within 30 days of entry of this ruling. Further, if the records of this contempt are unsealed at any point, this court may, by its prerogative and without order, forward the appropriate notice and copy of papers relevant to the contempt to the Arkansas Judicial Discipline and Disability Commission or other personnel, agencies, or bodies governing judicial conduct or performance.

WITNESS: The SEAL of the COURT this 14th day of February, 2023

THE COURT

By _____

Jeremy Wayne Stevens
Attornatus Privatus

Ruling Re 1ˢᵗ CONTEMPT IN PRESENCE OF COURT                                    13

# ATTACHMENT T

**Excerpts from the Official Transcript
Transcript provided by Sandra Rowland CCR**

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
FIFTH DIVISION

SIMMONS BANK                                           PLAINTIFF

Vs.                          35CV-22-47

SOUTHERN DOMES, LLC AND JEREMY WAYNE STEVENS          DEFENDANT

---

BE IT REMEMBERED, that on the 6th day of February 2023,
the above-styled cause came on to be heard before the HONORABLE
JODI RAINES DENNIS, Circuit Judge, Fifth Division of the
Eleventh, West Judicial Circuit of the State of Arkansas, at
Pine Bluff, Jefferson County.

---

APPEARANCES:

ON BEHALF OF THE PLAINTIFF:

Friday, Eldredge and Clark, LLP
Lindsey Raines
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201


ON BEHALF OF THE DEFENDANT:
Pro Se




Sandra Rowland CCR
501 626-2637

Scanned with CamScanner

2

1                          **PROCEEDINGS**

2          **THE COURT:** We are scheduled this morning for a

3    civil hearing on 2022-47, Simmons Bank versus

4    Southern Domes and Jeremy Stevens. You are Mr.

5    Stevens?

6          **THE DEFENDANT:** Yes, Ma'am. Yes, Your Honor.

7          **THE COURT:** Okay. And Ms. Raines?

8          **MS. RAINES:** Yes, Ma'am.

9          **THE COURT:** And we are not kin?

10         **MS. RAINES:** I do not believe so. My husband is

11   very much from Alabama and I asked if there was any

12   chance and he said he did not think so.

13         **THE COURT:** I don't think so either. And hello,

14   Mr. Bellingrath. How are you?

15         **MR. BELLINGRATH:** Good, Judge. Thank you.

16         **THE COURT:** Are you ready to proceed, Ms.

17   Raines?

18         **MS. RAINES:** Yes, Ma'am. Good morning, Your

19   Honor. May it please the Court --

20         **THE DEFENDANT:** I have to object.

21         **THE COURT:** You could tell me why.

22         **THE DEFENDANT:** I object to the proceeding is

23   improper. The Court has already determined on the

24   motion. I have copies of it if the Court needs to

25   see a copy.

3

1       THE COURT:  I don't make decisions on these
2   orders, on all of the motions, sir.
3       THE DEFENDANT:  Yes, Ma'am.  For the record, I
4   object.
5       THE COURT:  Okay.  Thank you.
6       MS. RAINES:  Good morning, Judge Dennis.   Thank
7   you for having us today.  There are a number of
8   motions pending before the Court and I can take them
9   up or we can take them up in whatever order you
10  prefer.  But Mr. Stevens has filed a second motion to
11  dismiss in this case.  I don't know if we want to
12  start there.  And I can do a brief opening that might
13  provide some context.
14      THE COURT:  Sure.  That would be great.
15      MS. RAINES:  The Bank's position is this is a
16  very straight forward replevin in collection action.
17  The complaint was filed back in January of 2022,
18  recorded by the relevant affidavits.  The Court
19  already ruled on the issue of jurisdiction on May 25,
20  2022.  And significantly for our purposes today, that
21  order gave the defendant through January -- pardon
22  me, June 13, 2022 to file an answer.  Presently
23  pending today we have what I'm calling, defendant's
24  second motion to dismiss which was filed prior to
25  that June 13th deadline.  That if fully briefed as

Scanned with CamScanner

18

1   want to get into a cycle of motions and orders being

2   entered without the Court's -- not by the Court.  Is

3   there anything we can do to -- and this may be what

4   you are getting to as it related to the clerk

5   shouldn't have docketed those in the first place.  Is

6   there anything we can do to limit the frivolous

7   filings in this case moving forward?

8       **THE DEFENDANT:**  I must object to that, Your

9   Honor.  It's every person's right to be able to file

10  paperwork with their case.

11      **THE COURT:**  And you do have a right to file

12  paperwork but not frivolous paperwork.  You are not

13  allowed to file of record something that you have

14  entitled an Order Of The Court.  I am the only one

15  that can sign and approve those documents.

16      **THE DEFENDANT:**  Your Honor, for the record are

17  you saying you that you are the Court?

18      **THE COURT:**  Yes, I sure am.  Yes, sir.  And so

19  why the clerk allowed the file, they are not valid

20  and I have never experienced this before so I'm not

21  sure what to call it.  They are not orders of the

22  Court.

23      **MS. RAINES:**  Thank you so much, Your Honor.  I

24  appreciate you.

25      **THE COURT:**  And are you -- did you sign up to

ELECTRONICALLY FILED
Jefferson County Circuit Court
Flora Cook-Bishop, Circuit Clerk
2023-Mar-06  11:33:02
35CV-22-47
C11WD05 : 20 Pages

Jeremy Stevens                          )
1320 Homestead Drive                    )
White Hall. Arkansas                    )
Attornatus Privatus                     )
                                        )
                                        )
                                        )
                                        )
                                        )
                                        )
                                        )
                                        )
-----------------------------------------)-------------------------------------

### CIRCUIT COURT OF JEFFERSON COUNTY. ARKANSAS

Jeremy Wayne Stevens.            )        Case No.      35CV-22-47
                                 )
        Counterplaintiff,        )        **WRITS OF ERROR QUAE CORAM**
                                 )        **NOBIS RESIDANT**
VS.                              )
                                 )        **RE JODI DENNIS AND**
SIMMONS BANK and CIRCUIT         )        **EMMILY RAINES;**
        COURT OF JEFFERSON       )
        COUNTY ARKANSAS          )        **ORDER TO SHOW CAUSE**
        No. 35CV-22-47           )
        Counter Defendants       )
                                 )
----------------------------------------)

        COMES NOW THE ABOVE ENTITLED COURT OF RECORD (hereinafter
"Constitutional Court")[1], ON ITS OWN MOTION, TO review the facts, record, and process
resulting in the documents entitled ORDER, ORDER OF DELIVERY, and DEFAULT
JUDGMENT and filed on 28 February 2023.

A TRUE COPY, I CERTIFY
FLORA C. BISHOP, Clerk

---
[1] The supreme Court, Court of Appeals, and all circuit and county courts shall be courts of record and shall keep
just and faithful records of their proceedings. Rev Stat., ch. 43, § 13; ASA 1947, § 22-101; Acts 2003, No 1185, § 39,
ACA § 16-10-104

## SUMMARY

Throughout the case being heard before this Court of Record two points have been asserted: Jeremy Wayne Stevens is one of the people[2] of Arkansas and the Constitutional Court is a court of record.[3] General jurisdiction over the subjects was acquired upon filing and service of the counterclaim. The counterclaim constituted a collateral attack upon the officers, jurisdiction, and proceedings of CIRCUIT COURT OF JEFFERSON COUNTY ARKANSAS No. 35CV-22-47 (hereinafter: "Inferior Court"). Each judgment, order, or other finding from the Constitutional Court restated the basis of jurisdiction, either directly or indirectly. In the judgment issued by this court the subjects of the orders were granted a full opportunity to show cause if any defects there be: Inferior Court defaulted and Simmons Bank, acting by improper procedure, Moved to Strike the judgment of the court as if it were a pleading of the Counterplaintiff. The Constitutional Court, in the interest of justice and with liberal interpretation of the improper motion, reviewed the motion as a Show of Cause, and after review concluded there to be no standing for correction or recission of the judgment of the court as previously determined. The Constitutional Court denied the motion and provided yet another opportunity to show cause, if any there be, as to why the order should not stand. No further submittals to the court from any party were put before the court for consideration, i.e. both Inferior Court and Coutnerdefendant, Simmons Bank, agreed with the findings of the Constitutional Court by default.

The Constitutional Court issued judgment of the counterclaim and dismissed the case[4] due to no established jurisdiction over the Counterplaintiff. Instead of recognizing the authority of the Constitutional Court, the officers of the Inferior Court, having been served the Judgement and order Denying the Motion to Strike issued from this Court of Record, convened a session of the Inferior Court while in the immediate presence and view of the Constitutional Court[5] of

---

[2] All political power is inherent in the people and the government is instituted for their protection, security and benefit... [Constitution of the State of Arkansas of 1874, Article 2 § 1

[3] The court of record must meet all of the following requirements:

  A. The tribunal is independent of the magistrate (judge) [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

  B. Proceeding according to the common law [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

  C. Power to fine or imprison for contempt [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

  D. Keeps a record of the proceedings [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]

  E. Generally has a seal [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

[4] Judgement is available on the DOCKET of the case

[5] "Court...The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue, wherever that may be." [Emphasis added] Page 425. Black's Law Dictionary, Revised Fourth Edition

Jeremy Wayne Stevens, a people[6] of Arkansas. During that proceeding the officers of the Inferior Court, in the immediate view and presence of the Constitutional Court, openly conspired to perpetuate their pseudo-jurisdiction, the very pseudo-jurisdiction which they, by default, admitted that they do not have.

On this day and on February 28th of 2023, the magistrate assumed the mantel of tribunal and proceeded independently. The purpose of this writ is to restore the orderly decorum of the court and to correct the defective impromptu process and usurpation of legislative and court powers taken by the magistrate without leave of court.

This court has great admiration for the magistrates appointed or elected generally to hold court. Their training, experience, and wisdom are of great value in guiding this court toward a just resolution of issues.

But, we are mindful of the wisdom of Thomas Jefferson when he commented, "We all know that permanent judges acquire an esprit de corps; that, being known, they are liable to be tempted by bribery; that they are misled by favor, by *relationship*, by a spirit of party, by a devotion to the executive or legislative; that it is better to leave a cause to the decision of the cross and pile[7] than to that of a judge biased to one side."[8]

It is, in part, with the inspiration that this court is established as a court of record.

This following is organized into four sections:

I. JUDICIAL COGNIZANCE
II. FINDINGS OF FACT
III. DISCUSSION AND CONCLUSIONS OF LAW
IV. IMPEACHMENT AND WRIT

I. JUDICIAL COGNIZANCE

This Constitutional Court again takes judicial cognizance and again decrees as follows:

1. JUDICIAL COGNIZANCE. Judicial notice, or knowledge upon which a judge is bound to act without having it proved in evidence. [Black's Law Dictionary, 5th Edition, page 760.]

2. All political power is inherent in the people and the government is instituted for their protection, security and benefit;... [Constitution of the State of Arkansas of 1874, Article 2 § 1

---

All political power is inherent in the people and the government is instituted for their protection, security and benefit. . . [Constitution of the State of Arkansas of 1874, Article 2 § 1

"...the people of this state do not yield their sovereignty to the agencies which serve them." [California Government Code Section 11120.]

"... The people of this State do not yield their sovereignty to the agencies which serve them." [California Government Code Section 54950.]

[7] Cross and pile: a coin flip

Thomas Jefferson to Abbe Arnoux 1789, Papers, 15:283

3. Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State; ... [Constitution for the United States of America, Article IV § 1]

4. It is the public policy of this state that the public agencies exist to aid in the conduct of the people's business...The people of this state do not yield their sovereignty to the agencies which serve them. [California Government Code, Section 11120.]

5. In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business....The people of this State do not yield their sovereignty to the agencies which serve them. [California Government Code Section 54950.]

6. Laws, whether organic or ordinary, are either written or unwritten. [California Code of Civil Procedure, Section 1895.]

7. A written law is that which is promulgated in writing, and of which a record is in existence. [California Code of Civil Procedure, Section 1896]

8. The organic law is the Constitution of Government, and is altogether written. Other written laws are denominated statutes. The written law of this State is therefore contained in its Constitution and statutes, and in the Constitution and statutes of the United States. [California Code of Civil Procedure, Section 1897]

9. Any judicial record may be impeached by evidence of a want of jurisdiction in the Court or judicial officer, of collusion between the parties, or of fraud in the party offering the record, in respect to the proceedings. [California Code of Civil Procedure, Section 1916]

10. While a judge is essential to a court, **the judge of a court is not the court**. A court is an incorporeal entity, distinct from the persons of the officers through whom its business is conducted. Cal Jur v7, pp 578 [emphasis added]

11. ...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves... [CHISHOLM v. GEORGIA (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL (1793) pp471-472.]

12. The very meaning of 'sovereignty' is that the decree of the sovereign makes law. [American Banana Co. v. United Fruit Co., 29 S.Ct. 511, 513, 213 U.S. 347, 53 L.Ed. 826, 19 Ann.Cas. 1047.]

13. The people of this State, as the successors of its former sovereign, are entitled to all the rights which formerly belonged to the King by his prerogative. [Lansing v. Smith, 4 Wend. 9 (N.Y.) (1829), 21 Am.Dec. 89 10C Const. Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 167; 48 C Wharves Sec. 3, 7.]

14. A consequence of this prerogative is the legal *ubiquity* of the king. His majesty in the eye of the law is always present in all his courts, though he cannot personally distribute justice. (Fortesc.c.8. 2Inst.186) His judges are the mirror by which the king's image is reflected. 1 Blackstone's Commentaries, 270, Chapter 7, Section 379.

15. "This enumeration of rights shall not be construed to deny or disparage others retained by the people;.." [Constitution of the State of Arkansas, Article 2, Declaration of Rights, § 29]

16. The state cannot diminish rights of the people. [Hurtado v. California, 110 US 516]

17. The assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice. [Davis v. Wechsler, 263 US 22, 24.]

18. Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them. [Miranda v. Arizona, 384 US 436, 491.]

19. There can be no sanction or penalty imposed upon one because of this exercise of constitutional rights. [Sherer v. Cullen, 481 F 946.]

20. Whereas, the People of the Territory of Arkansas did, on the thirtieth day of January, in the present year, by a Convention of Delegates, called and assembled for the purpose, form for themselves a Constitution and State Government, which Constitution and State Government, so Formed, is republican;... [Act of Congress for the Admission of Arkansas into the Union, Revised Statutes of 1838, Page 48.]

21. Republican government. One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated. [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162; 22 L.Ed. 627." Black's Law Dictionary, Fifth Edition, p. 626.]

22. This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby; any Thing in the Constitution or Laws of any State to the Contrary notwithstanding. [Constitution for the United States of America, Article VI, Clause 2.]

23. COURT. The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue, wherever that may be. [Black's Law Dictionary, 5th Edition, page 318.]

24. COURT. An agency of the sovereign created by it directly or indirectly under its authority, consisting of one or more officers, established and maintained for the purpose of hearing and determining issues of law and fact regarding legal rights and alleged violations thereof, and of applying the sanctions of the law, authorized to exercise its powers in the course of law at times and places previously determined by lawful authority. [Isbill v. Stovall, Tex.Civ.App., 92 S.W.2d 1067, 1070; Black's Law Dictionary, 4th Edition, page 425]

25. The supreme Court, Court of Appeals, and all circuit and county courts shall be courts of record and shall keep just and faithful records of their proceedings. Rev Stat., ch. 43, § 13; ASA 1947. § 22-101; Acts 2003, No 1185, § 39; ACA § 16-10-104

26. COURT OF RECORD. To be a court of record a court must have four characteristics, and may have a fifth. They are:

    A. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

    B. Proceeding according to the course of common law [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See,

also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

C. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]

D. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231].[Black's Law Dictionary, 4th Ed., 425, 426]

E. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

27. ...our justices, sheriffs, mayors, and other ministers, which under us have the laws of our land to guide, shall allow the said charters pleaded before them in judgement in all their points, that is to wit, the Great Charter as the common law.... [Confirmatio Cartarum, November 5, 1297" "Sources of Our Liberties" Edited by Richard L. Perry, American Bar Foundation.]

28. "Henceforth the writ which is called Praecipe shall not be served on any one for any holding so as to cause a free man to lose his court." Magna Carta, Article 34.

29. Arkansas Code Annotated § 16-10-108: (c) Contempts committed in the immediate view and presence of the court may be punished summarily.

30. CCP 1209.

a. The following acts or omissions in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:

3) Misbehavior in office, or other willful neglect or violations of duty by an attorney, counsel, clerk, sheriff, coroner, or other person [e.g. a judge or magistrate], appointed or elected to perform a judicial or ministerial service;

4) Abuse of the process or proceedings of the court, or falsely pretending to act under authority of an order or process of the court;

5) Disobedience of any lawful judgment, order, or process of the court;

8) Any other unlawful interference with the process or proceedings of a court;

11) Disobedience by an inferior tribunal, magistrate, or officer, of the lawful judgment, order, or process of a superior court, or proceeding in an action or special proceeding contrary to law, after such action or special proceeding is removed from the jurisdiction of such inferior tribunal, magistrate, or officer.

. . .

(c) Notwithstanding Section 1211 or any other provision of law, if an order of contempt is made affecting an attorney, his agent, investigator, or any person

acting under the attorney's direction, in the preparation and conduct of any action or proceeding, the execution of any sentence shall be stayed pending the filing within three judicial days of a petition for extraordinary relief testing the lawfulness of the court's order, the violation of which is the basis of the contempt. . . [California Code of Civil Procedure]

31. CCP 1209. (a) When a contempt is committed in the immediate view and presence of the court, or of the judge at chambers, it may be punished summarily; for which an order must be made, reciting the facts as occurring in such immediate view and presence, adjudging that the person proceeded against is thereby guilty of a contempt, and that he be punished as therein prescribed.

32. CCP 1221. Whenever, by the provisions of this title, an officer is required to keep a person arrested on a warrant of attachment in custody, and to bring him before a court or judge. the inability, from illness or otherwise, of the person to attend, is a sufficient excuse for not bringing him up; and the officer must not confine a person arrested upon the warrant in a prison, or otherwise restrain him of personal liberty, except so far as may be necessary to secure his personal attendance.

33. CCP 1222. The judgment and orders of the court or judge, made in cases of contempt, are final and conclusive.

34. Arkansas Code Annotated 16-10-108

(a) Every court of record shall have power to punish, as for criminal contempt, persons guilty of the following acts and no others:

(1) Disorderly, contemptuous, or insolent behavior committed during the court's sitting, in its immediate view and presence, and directly tending to interrupt its proceedings or to impair the respect due to its authority;

(2) Any breach of the peace, noise, or disturbance directly tending to interrupt its proceedings;

(3) Willful disobedience of any process or order lawfully issued or made by it;

(4) Resistance willfully offered by any person to the lawful order or process of the court; and

(5) The contumacious and unlawful refusal of any person to be sworn as a witness and when so sworn a similar refusal to answer any legal and proper interrogatory.

## II. FINDINGS OF FACT

THIS COURT FINDS the following facts to be certain:

35. Throughout this case two basic jurisdictional points were asserted: Jeremy Wayne Stevens is one of the people[9] of Arkansas, and the Constitutional Court[10] is a court of record[11] of general jurisdiction. Jurisdiction over the subjects was acquired when the counterclaim was filed and served. The counterclaim constituted a collateral attack upon the officers, jurisdiction, and proceedings of the Inferior Court.[12] Each judgment and order from the Constitutional Court, a superior court[13], re-explained its own jurisdiction, either directly or indirectly. The subjects of the order Denying the Motion to Strike and upholding the judgment were granted a full

---

[9] All political power is inherent in the people ...[Constitution of the State of Arkansas of 1874, Article 2 § 1

"...The people of this state do not yield their sovereignty to the agencies which serve them." [California Government Code, Section 11120.]

"...The people of this State do not yield their sovereignty to the agencies which serve them." [California Government Code Section 54950.]

[10] The supreme Court, Court of Appeals, and all circuit and county courts shall be courts of record and shall keep just and faithful records of their proceedings. Rev Stat., ch. 43, § 13; ASA 1947, § 22-101; Acts 2003, No 1185, § 39; ACA § 16-10-104

[11] The court of record must meet all of the following requirements:

A. The tribunal is independent of the magistrate (judge) [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426] .

B. Proceeding according to the common law [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 426]

C. Power to fine or imprison for contempt [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

D. Keeps a record of the proceedings [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]

E. Generally has a seal [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231][Black's Law Dictionary, 4th Ed., 425, 426]

[12] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

[13] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

opportunity to show cause if any defects there be: the Inferior Court and Simmons Bank agreed by default.

36. The Constitutional Court determined jurisdiction had not been established by Inferior Court even though ample opportunity and time was given to Simmons Bank and the Inferior Court and, being a superior court, ordered the case dismissed for lack of jurisdiction. Instead, on 06 February 2023, the officers of Inferior Court, namely Jodi Raines Dennis and Lindsey Emerson Raines, convened a session of the Inferior Court while in the immediate presence and view of the Constitutional Court[14] of Jeremy Wayne Stevens, one of the people of Arkansas. At the outset of that session the Counterplaintiff objected to the proceedings as improper[15]. The judgment and order of this court were offered by Counterplaintff to officers present. None accepted.

37. The record shows (Reporter's Transcript – hereinafter "RT"), Jodi Raines Dennis, the magistrate designated generally to hold court, did not conduct the hearing in accordance with the foundation rules of a court of record. Instead, the magistrate conducted herself as a tribunal in her own court of her own authority (RT page 3, lines 1-2; page 18, line 18), without concurrence of all parties and without any supporting authorization from the court. She became a loose cannon acting as tribunal and imposing her own rules. Without proper authority, the magistrate stepped out of her function as a magistrate and assumed a de facto cloak of tribunal while sitting as a magistrate.

38. The genius of a court of record is not to be undermined. It is the birthright of every American to settle issues in a court of record, if he so chooses. That choice has been made in this matter, and has been so stated in the first paragraph in the action. A statement to which no objection was raised. Further, the Constitution for the State of Arkansas along with additional laws of the state that all courts of Arkansas are courts of record.[16]

39. The magistrate is a person appointed or elected to perform ministerial services in a court of record[17] because all judicial functions in a court of record are reserved to the tribunal, which must be independent of the magistrate.

40. The magistrate of this court has usurped the independent powers of the tribunal of this court of record by making, under color of law, discretionary judgments which are reserved to and

---

[14] "Court...The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue, wherever that may be." [Emphasis added] Page 425, Black's Law Dictionary, Revised Fourth Edition

[15] Official transcript: page 2, lines 22-25; Attachment T

[16] The supreme Court, Court of Appeals, and all circuit and county courts shall be courts of record and shall keep just and faithful records of their proceedings. Rev.Stat., ch. 43, § 13; ASA 1947, § 22-101; Acts 2003, No 1185, § 39; ACA § 16-10-104

[17] Official's duty is "ministerial" when it is absolute, certain and imperative, involving merely execution of a specific duty arising from fixed and designated facts. [Long v. Seabrook, 260 S.C. 562, 197 S.E.2d 659, 662; Black's Law Dictionary, Fifth Edition, p 899

should have been made by the tribunal independently of the person of the magistrate designated generally to hold it.[18]

41. On October, Jeremy Wayne Stevens filed a counterclaim consisting of an Action comprised of challenges to Jurisdiction and of Account. The opening sentence decreed, "Comes now Jeremy Wayne Stevens …, one of the people of the State of Arkansas, and in this court of record…." In the counterdefendants' demurrer there is no objection to counterplaintiff as one of the people of Arkansas. Nor is there an objection to the court being a court of record. Nowhere in the record is there any objection from the magistrate or counterdefendants regarding this court being a court of record. Further, all parties were properly apprised of the counterplaintiff's status and the nature of the court in the counterclaim.

42. It is the design of our systems of jurisprudence that courts have no jurisdiction until a party comes forth and declares a cause needing resolution. The particular jurisdiction depends upon how the cause is declared by the plaintiff. Jurisdiction may be administrative, at law, in equity, or in any of many other formats. In this case the jurisdiction is at law in a court of record under the sovereign authority of a people of the State of Arkansas.

43. It is essential to understand what are a sovereign, a magistrate, a court, and a court of record.

44. A court is "The person and suit of the sovereign."[19]

45. Who is the sovereign? It is the people either in plural[20] or in singular capacity.[21] In singular capacity, in this case, it is Jeremy Wayne Stevens, one of the people as contemplated in the preambles of the 1836 Constitution of Arkansas, the 1874 Constitution of the State of Arkansas, and the 1789 Constitution for the United States of America.

46. Arkansas, the State of Arkansas, and the United States of America have no general sovereignty. Theirs is a clipped sovereignty. Whatever sovereignty they have is limited to their respective constitutionally defined spheres of control. The general sovereignty is reserved to the

---

[18] One characteristic of a court of record: A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

[19] Black's Law Dictionary, 4th Ed., 425, 425

[20] PEOPLE, n. [L. populus.] The body of persons who compose a community, town, city or nation. We say, the people of a town; the people of London or Paris; the English people. In this sense, the word is not used in the plural, but it comprehends all classes of inhabitants, considered as a collective body,… Webster's 1828 Dictionary

[21] PEOPLE…considered as….any portion of the inhabitants of a city or country. Ibid.

people without diminishment.[22] Lest that be forgotten, the California Government Code[23] twice admonishes the public servants that, "The people of this state do not yield their sovereignty to the agencies which serve them."[24] Further, when the State of California did attempt to diminish one's rights, it was determined that the state cannot diminish rights of the people.[25] These restrictions on government apply to the agents holding office under the Constitution of Arkansas as well.[26]

47. It is by the prerogative of the sovereign[25] whether and how a court is authorized to proceed. In this case, the chosen form of the court is that of a court of record.

48. A qualifying feature of a court of record is that the tribunal is independent of the magistrate appointed to conduct the proceedings.[27]

49. Arkansas Code Annotated provides that acts in respect to a court's orders are contempts of the authority of the court if a person disobeys any lawful order of the court. California Code of Civil Procedure, Section 1209[28] restates the preceding requirement for contempt and adds that a contempt also is achieved when an inferior magistrate or officer disobeys the lawful order of a

---

" ..at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves" CHISHOLM v. GEORGIA (US) 2 Dall 419, 454; 1 L Ed 440, 455 @DALL 1793 pp471-472

The people of this State, as the successors of its former sovereign, are entitled to all the rights which formerly belonged to the King by his prerogative. Through the medium of their Legislature they may exercise all the powers which previous to the Revolution could have been exercised either by the King alone, or by him in conjunction with his Parliament:..." Lansing v. Smith, 4 Wendell 9 (N.Y.) (1829), 21 American Decision 89; 10C Const. Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 1 67; 48 C Wharves Sec. 3, 7.

" Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State: ... [Constitution for the United States of America, Article IV § 1]

" California Government Code, Sections 11120 and 54950.

" Hertado v. California, 110 US 516

"All political power is inherent in the people ...[Constitution of the State of Arkansas of 1874, Article 2 § 1

" Court of Record: A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

" CCP 1209 (a) The following acts or omissions in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:

5. Disobedience of any lawful judgment, order, or process of the court;

11. Disobedience by an inferior tribunal, magistrate, or officer, of the lawful judgment, order, or process of a superior court, or proceeding in an action or special proceeding contrary to law, after such action or special proceeding is removed from the jurisdiction of such inferior tribunal, magistrate, or officer.

---

superior court, or proceeding in an action or special proceeding contrary to law, after such action or special proceeding is removed from the jurisdiction of such inferior magistrate or officer.

50. The magistrate is a person appointed or elected to perform ministerial service in a court of record[29], they hold NO tribunal authority, and they cannot in any way substitute themselves as the total equivalent of the court to thus exempt themselves from jurisdiction. Their service is ministerial because all judicial functions in a court of record are reserved to the tribunal, and, by definition of a court of record, that tribunal must be independent of the magistrate. The non-judicial functions are "ministerial" because they are absolute, certain and imperative, involving merely execution of specific duties arising from fixed and designated facts. CCP 1209 provides that contempt may be applied to "Misbehavior in office, or other willful neglect or violation of duty by an attorney, counsel, clerk, sheriff, coroner, or other person, appointed or elected to perform a judicial or ministerial service," The magistrate, is an "other person, appointed or elected to perform a ... ministerial service" as described in CCP Section 1209.[30]

51. In this instance the Inferior Court[31] is not a court of record. Its proceedings and judgments are subject to collateral attack from the Constitutional Court.[32]

52. Depriving anyone of the right to have his day in court is very serious. The magistrate has a duty to the counterplaintiff to minister the opportunity to argue the petition put forth to the court. "He who decides a case with the other side unheard, though he decide justly, is himself unjust."[33]. To summarily ignore an objection that has been presented to the court constitutes a direct challenge to the court's authority, especially when the magistrate's judicial jurisdiction is estopped, and they tacitly decline a fair opportunity to show cause why they should not be subject to estoppel.

53. Throughout the transcript, there shows that the rules of the court of record were not followed, that the magistrate attempted to function as a tribunal, and that the court was ineffective in furthering the goal of justice for all. These failures to follow the prescribed

[29] Jones v. Seaброок, 260 S.C. 562, 197 S.E.2d 659, 662; Black's Law Dictionary, Fifth Edition, p 899

[30] ... (CCP 1209) ... : " Misbehavior in office, or other willful neglect or violation of duty by an attorney, ... ... counsel, clerk, sheriff ... or other person ... appointed or elected to perform a judicial or ministerial service ...

... of a ... may by an inferior tribunal, magistrate, or officer of the lawful judgment, order, or process of a ... ... proceeding in an action or special proceeding contrary to law, after such action or special ... ... ... removed from the jurisdiction of such inferior magistrate, or officer.

[31] "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." 'Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

[32] "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter; and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

[33] Seneca, Medea

procedures are sufficiently disruptive to the goal of providing fair justice and the court finds it necessary to issue a writ of error quae coram nobis resident as follows:

### IV. IMPEACHMENT AND WRIT

THE COURT, HAVING REVIEWED THE FACTS, THE RECORD, AND THE PROCESS BY WHICH THE RULING WAS ISSUED, and finding that the magistrate rendered rulings without leave of court; and finding that the orderly decorum of the court was replaced by defective impromptu process and usurpation of legislative and court powers without leave of court,

And, finding that the clerk of the court improperly accepted for filing an order from the magistrate without leave of court,

And, desiring that fair justice be served for all parties, counterdefendants as well as counterplaintiff,

NOW THEREFORE, THE COURT issues this WRIT OF ERROR QUAE CORAM NOBIS RESIDANT, to wit:

The Court impeaches and rescinds the orders entitled ORDER, ORDER OF DELIVERY, and DEFAULT JUDGMENT and filed on 28 February 2023, and a copy of the first page of each document is attached to this writ.

Further, the magistrate, the counterplaintiff, and counterdefendants are each invited to file and serve on all other interested parties and magistrate a brief no later than March 24, 2023 to show cause to this court why this order should not take effect or should be modified. Unless requested, there will be no oral argument. The court, mindful of the rights of the parties and the importance of fair play, will liberally construe the written arguments presented.

WITNESS: The SEAL of the COURT this 6th day of March, 2023

THE COURT

By: _____

Jeremy Wayne Stevens
Attornatus Privatus

ATTACHMENT W

ELECTRONICALLY FILED
Jefferson County Circuit Court
Redd Cook Bishop Circuit Clerk
2023-Feb-28 10:33:57
35CV-22-47
C11WD06 : 3 Pages

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

SIMMONS BANK                                                PLAINTIFF

VS.                            NO. 35CV-22-47

SOUTHERN DOMES, LLC AND                                    DEFENDANTS/
JEREMY WAYNE STEVENS                                       COUNTERCLAIMANT

## DEFAULT JUDGMENT

The Court having granted Simmons Bank's Motion for Default Judgment, Plaintiffs shall

have judgment against Defendants Southern Domes, LLC, and Jeremy Wayne Stevens, jointly and

severally, in the amount $36,543.67 as of February 6, 2023, with interest thereon at the rate of

4.50% from and after February 6, 2023, until the date of judgment, together with attorneys' fees

in the amount of $3,045.00, costs of the action, and other expenses incurred in retaking the

Collateral, as defined in the Replevin Complaint, for all of which execution or garnishment may

issue. The amounts awarded under this Judgment shall bear interest from the date of entry of

this Judgment at the rate of ____.

Pursuant to Ark. Code Ann. § 16-66-221, Defendants are each hereby ordered to file with

the Clerk of this Court within forty-five (45) days of the entry of this Judgment a schedule, verified

by affidavit, of all of their property, both real and personal, including moneys, bank accounts,

rights, credits, and choses in action held by themselves or by others on their behalf and specify

the particular property which they claim as exempt under the applicable provision of the law.

So ordered this _____ day of February, 2023

ELECTRONICALLY FILED
Jefferson County Circuit Court
Pene Cash Bithia Circuit Clerk
2023-Feb-28  10:32:53
35CV-22-47
C11WD08 : 5 Pages

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

SIMMONS BANK                                                        PLAINTIFF

VS.                                    NO. 35CV-22-47

SOUTHERN DOMES, LLC AND                                    DEFENDANTS/
JEREMY WAYNE STEVENS                                    COUNTERCLAIMANT

VS.

SIMMONS BANK and CIRCUIT
COURT OF JEFFERSON
COUNTY ARKANSAS NO. 35CV-                              COUNTERDEFENDANTS
22-47



ORDER

Presently pending before the Court are the Motion to Dismiss for Failure to State Facts

Upon Which Relief Can be Granted filed by Defendants Southern Domes, LLC and Jeremy

Wayne Stevens (collectively, the "Defendants") on June 13, 2023 (the "Second Motion to

Dismiss"), the Motion for Default Judgment filed by Plaintiff Simmons Bank ("Simmons") on

July 24, 2022, the Motion for Inspection of Collateral filed by Simmons on July 24, 2022; the

Motion to Dismiss Counterclaim for Jurisdiction and Account Filed on August 25, 2022, and

September 14, 2022, and Incorporated Brief in Support filed by Simmons on September 22, 2022

(the "Motion to Dismiss Counterclaim"), and the Motion to Strike filed by Simmons on October

31, 2022.

Based on the Court's consideration of the foregoing pleadings, the appearance of the

Defendant, Jeremy Wayne Stevens, pro se, and the appearance of Simmons, by and through its

attorney, Lindsey Emerson Raines of FRIDAY, ELDREDGE & CLARK, LLP, at the hearing conducted

on February 6, 2023, and all other matters properly before the Court, this Court, being well advised

9800245.1

ELECTRONICALLY FILED
Jefferson County Circuit Court
Flora Cook Bishop  Circuit Clerk
2023-Feb-28  10:33:13
35CV-22-47
C11WD05 : 3 Pages

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

SIMMONS BANK                                                    PLAINTIFF

VS.                                    NO. 35CV-22-47

SOUTHERN DOMES, LLC AND                                        DEFENDANTS
JEREMY WAYNE STEVENS

### ORDER OF DELIVERY

TO THE HONORABLE SHERIFF OF JEFFERSON COUNTY, ARKANSAS:

The above-captioned matter came on for consideration on January 24, 2022, upon
Plaintiff's action for replevin.  Defendants were duly served with a copy of the Summons,
Complaint, and Notice of Petition for Order of Delivery in accordance with ARK. CODE ANN. §
18-60-801, et seq. and failed to timely file and serve written objection to the issuance of the Order
of Delivery as required by ARK. CODE ANN. § 18-60-808.

Under the provisions of ARK. CODE ANN. §§ 18-60-811 and 18-60-814, you are hereby
directed to locate the person Jeremy Wayne Stevens, a resident of Jefferson County, Arkansas and
accompany Jeremy Wayne Stevens and Plaintiff, or its representative, while Plaintiff collects the
following property:

### 2015 CATERPILLAR 299C SKID STEER SN CAT0299CEJSP00550

Plaintiff will supply the labor and transportation regarding this Order of Delivery and will
further submit $50.00 to the Jefferson County Sheriff's Office for its assistance in this matter.

1

FEC/14351.0137/9800270.1-2/15/23

# ATTACHMENT RT

Excerpts from the Official Transcript
Transcript provided by Sandra Rowland CCR

2

1          **PROCEEDINGS**

2          **THE COURT:** We are scheduled this morning for a

3     civil hearing on 2022-47, Simmons Bank versus

4     Southern Domes and Jeremy Stevens.  You are Mr.

5     Stevens?

6          **THE DEFENDANT:** Yes, Ma'am.  Yes, Your Honor.

7          **THE COURT:** Okay.  And Ms. Raines?

8          **MS. RAINES:** Yes, Ma'am.

9          **THE COURT:** And we are not kin?

10         **MS. RAINES:** I do not believe so.  My husband is

11    very much from Alabama and I asked if there was any

12    chance and he said he did not think so.

13         **THE COURT:** I don't think so either.  And hello,

14    Mr. Bellingrath.  How are you?

15         **MR. BELLINGRATH:** Good, Judge.  Thank you.

16         **THE COURT:** Are you ready to proceed, Ms.

17    Raines?

18         **MS. RAINES:** Yes, Ma'am.  Good morning, Your

19    Honor.  May it please the Court --

20         **THE DEFENDANT:** I have to object.

21         **THE COURT:** You could tell me why.

22         **THE DEFENDANT:** I object to the proceeding is

23    improper.  The Court has already determined on the

24    motion.  I have copies of it if the Court needs to

25    see a copy.

1    want to get into a cycle of motions and orders being

2    entered without the Court's -- not by the Court.  Is

3    there anything we can do to -- and this may be what

4    you are getting to as it related to the clerk

5    shouldn't have docketed those in the first place.  Is

6    there anything we can do to limit the frivolous

7    filings in this case moving forward?

8    **THE DEFENDANT:**  I must object to that, Your

9    Honor.  It's every person's right to be able to file

10    paperwork with their case.

11    **THE COURT:**  And you do have a right to file

12    paperwork but not frivolous paperwork.  You are not

13    allowed to file of record something that you have

14    entitled an Order Of The Court.  I am the only one

15    that can sign and approve those documents.

16    **THE DEFENDANT:**  Your Honor, for the record are

17    you saying you that you are the Court?

18    **THE COURT:**  Yes, I sure am.  Yes, sir.  And so

19    why the clerk allowed the file, they are not valid

20    and I have never experienced this before so I'm not

21    sure what to call it.  They are not orders of the

22    Court.

23    **MS. RAINES:**  Thank you so much, Your Honor.  I

24    appreciate you.

25    **THE COURT:**  And are you -- did you sign up to



EXHIBIT

K

1 of 2

ELECTRONICALLY FILED
Jefferson County Circuit Court
Flora Cook-Bishop, Circuit Clerk
2023-Apr-17 11:30:15
35CV-22-47
C11WD05 : 2 Pages

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST - FIFTH DIVISION

SIMMONS BANK                                                    PLAINTIFF

v.                                    35CV-22-47-5

SOUTHERN DOMES, LLC, AND
JEREMY WAYNE STEVENS                                            DEFENDANTS

### ORDER STRIKING FRAUDULENT DOCUMENTS

Upon consideration of the pleadings and applicable law, the Court finds:

The defendant Jeremy Wayne Stevens submitted documents that purported to be orders of

the Court and the Jefferson County Circuit Clerk accepted them.

On February 28, 2023, an Order of this Court was entered striking the following:

| | |
|---|---|
| JUDGMENT; NOITCE(sic): FRCP Rule 59(e) | October 19, 2022 |
| ORDER DENYING MOTION TO STRIKE ORDER TO SHOW CAUSE | November 22, 2022 |

The defendant submitted and the Clerk accepted for filing additional documents that

fraudulently purport to be orders of the Court. The following documents, listed as titled by the

defendant and date filed, are not orders of this Court and are STRICKEN:

| | |
|---|---|
| SUMMARY RULING DIRECT CONTEMPT (Confidential Personal Matter) | February 17, 2023 |
| WRITS OF ERROR QUAE CORAM NOBIS RESIDANT RE JODI DENNIS AND EMMILY RAINES: ORDER TO SHOW CAUSE | March 6, 2023 |

Page 1



A TRUE COPY, I CERTIFY
FLORA C. BISHOP, Clerk



ORDER DENYING MOTION TO STRIKE:    April 12, 2023
ORDER DENYING HEARING:
ORDER FOR FILING OF FINAL JUDGMENT
ORDER TO SHOW CAUSE

By this Order, any future documents defendant submits for filing that purport to be orders of

this Court shall not be accepted or filed of record by the Clerk.

IT IS SO ORDERED this 17th day of April 2023.




JODI RAINES DENNIS
CIRCUIT JUDGE
35CV-22-47-5

ATTACHMENT L

<u>LAW OF THE CASE</u>



1.    The law of the case, so far as it is not repugnant to or inconsistent with the common law, is the rule of decision in this case and is decreed as follows:

2.    This court takes judicial cognizance of the following:

3.    Judicial Cognizance. Judicial notice, or knowledge upon which a judge is bound to act without having it proved in evidence. Black's Law Dictionary, Revised Fourth Edition, p. 984

4.    Oath: An affirmation of truth of a statement, which renders one willfully asserting untrue statements punishable for perjury. U. S. v. Klink, D.C.Wyo., 3 F. Supp. 208, 210.

5.    Official Oath. One taken by an officer when he assumes charge of his office, whereby he declares that he will faithfully discharge the duties of the same, or whatever else may be required by statute in the particularf case. Blacks Law, 4th ed, pg 1220

6.    TREASON: The offense of attempting by overt acts to overthrow the government of the state to which the offender owes allegiance; Constructive Treason: Treason imputed to a person **by law** from his conduct or course of actions, though his deeds taken severally do not amount to actual treason.

7.    The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence. Article IV § 4, united States Constitution

8.    No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, **nor be deprived of life, liberty, or property, without due process of law**; nor shall private property be taken for public use, without just compensation. Amendment V, united States Constitution [Emphasis Added]

9.    All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; **nor shall any State deprive any person of life, liberty, or property, without due process of law**; nor deny to any person within its jurisdiction the equal protection of the laws. Amendment XIV, united States Constitution [Emphasis Added]

10.    All political power is inherent in the people and the government is instituted for their protection, security and benefit;... [Constitution of the State of Arkansas of 1874, Article 2 § 1

11. The supreme Court, Court of Appeals, and all circuit and county courts shall be courts of record and shall keep just and faithful records of their proceedings. Rev Stat., ch. 43, § 13; ASA 1947, § 22-101; Acts 2003, No 1185, § 39; ACA § 16-10-104

12. Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State; … [ Constitution for the United States of America, Article IV § 1]

13. …at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects…with none to govern but themselves… [CHISHOLM v. GEORGIA (US) 2 DALL 419, 454, 1 L Ed 440, 455 @DALL (1793) pp 471-472.]

14. "This enumeration of rights shall not be construed to deny or disparage others retained by the people; …." [Constitution of the State of Arkansas, Article 2, Declaration Of Rights Sec. 29.]

15. A consequence of this prerogative is the legal *ubiquity* of the king. His majesty in the eye of the law is always present in all his courts, though he cannot personally distribute justice. (Fortesc.c.8. 2Inst.l86) His judges are the mirror by which the king's image is reflected. 1 Blackstone's Commentaries, 270, Chapter 7, Section 379.

16. The people of this State, as the successors of its former sovereign, are entitled to all the rights which formerly belonged to the King by his prerogative. [Lansing v. Smith, 4 Wend. 9 (N.Y.) (1829), 21 Am.Dec. 89 10C Const. Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 167; 48 C Wharves Sec. 3,7.]

17. The people of this State do not yield their sovereignty to the agencies which serve them. [California Government Code Section 54950.].

18. It is the public policy of this state that the public agencies exist to aid in the conduct of the people's business…The people of this state do not yield their sovereignty to the agencies which serve them. [California Government Code, Section 11120.]

19. The sovereignty of the state resides in the people thereof... [California Government Code, Section 100(a)]

20. "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it." Ex parte Watkins, 28 U.S. (3 Pet.) 193, 202-203 (1830). [cited by SCHNECKLOTH v. BUSTAMONTE, 412 U.S. 218, 255 (1973)]

21. To presume that a sovereign forever waives the right to exercise one of its powers unless it expressly reserves the right to exercise that power in a commercial agreement turns the concept of sovereignty on its head. Merrion v. Jicarilla Apache Tribe; Amoco Production Company v. Jicarilla Apache Indian Tribe, 455 U.S. 130, 131, 102 S.Ct. 894, 71 L.Ed.2d 21 (1981)

22. The very meaning of 'sovereignty' is that the decree of the sovereign makes law. [American Banana Co. v. United Fruit Co., 29 S.Ct. 511, 513, 213 U.S. 347, 53 L.Ed. 826, 19 Ann.Cas. 1047.]

23.   Laws, whether organic or ordinary, are either written or unwritten. [California Code of Civil Procedure, Section 1895.]

24.   A written law is that which is promulgated in writing, and of which a record is in existence. [California Code of Civil Procedure, Section 1896]

25.   The organic law is the Constitution of the Government, and is altogether written. Other written laws are denominated statutes. The written law of this State is therefore contained in its Constitution and statues, and in the Constitution and statutes of the United States. [California Code of Civil Procedure, Section 1897]

26.   Any judicial record may be impeached by evidence of a want of jurisdiction in the Court or judicial officer, of collusion between the parties, or of fraud in the party offering the record, in respect to the proceedings. [California Code of Civil Procedure, Section 1916]

27.   The assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice. [Davis v. Wechsler, 263 US 22, 24.]

28.   There can be no sanction or penalty imposed upon one because of this exercise of constitutional rights. [Sherer v. Cullen, 481 F 946.]

29.   Whereas, the People of the Territory of Arkansas did, on the thirtieth day of January, in the present year, by a Convention of Delegates, called and assembled for the purpose, form for themselves a Constitution and State Government, which Constitution and State Government, so Formed, is republican;… [Act of Congress for the Admission of Arkansas into the Union, Revised Statutes of 1838, Page 48.]

30.   Republican government. One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated. [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627." Black's Law Dictionary, Fifth Edition, p. 626.]

31.   This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby; any Thing in the Constitution or Laws of any State to the Contrary notwithstanding. [Constitution for the United States of America, Article VI, Clause 2.]

32.   COURT. The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue, wherever that may be. [Black's Law Dictionary, 5th Edition, page 318.]

33.   COURT OF RECORD. To be a court of record a court must have four characteristics, and may have a fifth. They are:

      1)   A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Mete. Mass., 171, per

Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689]
[Black's Law Dictionary, 4th Ed., 425, 426]

2) Proceeding according to the course of common law [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Mete. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

3) Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]

4) Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

5) Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

34. "While a judge is essential to a court, the judge of a court is not the court." 7 Cal Jur § 3

35. "[Court] is a creation of law, and in some respects an imaginary thing, existing only in legal contemplation, very similar to a corporation." 14 Am Jur § 3

36. "[Judge and Court] are not, however, strictly synonymous and the judge alone does not necessarily constitute a court, for while the judge is an indispensable part, he is only a part of the court." 14 Am Jur § 4

37. Court Classifications: Courts are classified, according to their forms of proceeding or the principles on which they administer justice, as civil or criminal courts, admiralty courts, courts of law or equity, ecclesiastical courts, juvenile courts, and courts-martial. 14 Am Jur § 5

38. Court Classifications: "According to the nature and extent of their jurisdiction, courts are classified as courts of appellate or original jurisdiction. Courts of original jurisdiction may be superior courts or courts of general jurisdiction, or they may be inferior courts or courts of limited and special jurisdiction." 14 Am Jur § 5

39. ...our justices, sheriffs, mayors, and other ministers, which under us have the laws of our land to guide, shall allow the said charters pleaded before them in judgement in all their points, that is to wit, the Great Charter as the common law.... [Confirmatio Cartarum, November 5, 1297, *Sources of Our Liberties* Edited by Richard L. Perry, American Bar Foundation

40. "MAGISTRATE. An official entrusted with administration of the laws." Merriam-Webster On-Line Dictionary"

41. "MAGISTRATE. Person clothed with power as a public civil officer. State ex rel. Miller v. McLeod, 142 Fla. 254, 194 So. 628, 630." Black's Law Dictionary, 4th Ed., 1103

42. "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law. Ex parte Kearny, 56 Cal. 212; Smith v. Andrews, 6 Cal. 652; 7 Cal.Jur. 578.

43. "No officer can acquire jurisdiction by deciding that he has it. In all such cases, every officer, whether judicial or ministerial, decides at his peril." John Middleton v. F.F. Low, Governor of California (1866), 30 Cal. 596, 607

44. The failure of a public official to comply with the laws governing and regulating his powers and duties may give rise to liability. Long v. Seabrook, 260 S.C. 562, 197 S.E.2d 659, 662; Black's Law Dictionary, Fifth Edition, p 899

45. While the words "inferior courts," as found in constitutional and statutory provisions, are generally used in a technical sense and apply to courts of special and limited jurisdiction, which are created on such principles that their judgments, taken alone, are entirely disregarded and their proceedings must show their jurisdiction. 14 Am Jur §6

46. CCP 1209. (a) The following acts or omissions in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:

    1) Misbehavior in office, or other willful neglect or violations of duty by an attorney, counsel, clerk, sheriff, coroner, or other person [e.g. a judge or magistrate], appointed or elected to perform a judicial or ministerial service;

    2) Abuse of the process or proceedings of the court, or falsely pretending to act under authority of an order or process of the court;

    3) Disobedience of any lawful judgment, order, or process of the court;

    8) Any other unlawful interference with the process or proceedings of a court;

    11) Disobedience by an inferior tribunal, magistrate, or officer, of the lawful judgment, order, or process of a superior court, or proceeding in an action or special proceeding contrary to law, after such action or special proceeding is removed from the jurisdiction of such inferior tribunal, magistrate, or officer.

47. Revised Statutes, 1838. Every court of record shall have the power to punish for criminal contempt, persons guilty of the following acts,…

    (3) Third, willful disobedience of any process or order, lawfully issued or made by it.

    (4) Fourth, resistance, willfully offered by any person, to the lawful order or process of the court.

48. Arkansas Code Annotated § 16-10-108: (c) Contempts committed in the immediate view and presence of the court may be punished summarily. In other cases, the party charged shall be notified of the accusation and shall have a reasonable time to make his or her defense.

      (d) (1) Whenever any person is committed for a contempt under the provisions of this section, the substance of his or her offense shall be set forth in the order or warrant of commitment.

49.    In determining whether a particular action by a judge constitutes criminal or civil contempt, the focus is on the character of relief rather than the nature of the proceeding. Fitzhugh v. State, 296 Ark. 137, 138, 752 S.W.2d 275, 276 (1988). **678 Because civil contempt is designed to coerce compliance with the court's order, the civil contemnor may free himself or herself by complying with the order. See Id. at 139, 752 S.W.2d at 276. This is the source of the familiar saying that civil contemnors "carry the keys of their prison in their own pockets." Id. at 140, 752 S.W.2d at 277 (quoting Penfield Co. v. S.E.C., 330 U.S. 585, 593, 67 S.Ct. 918, 91 L.Ed. 1117 (1947)) (quoting In re Nevitt, 117 F. 448, 461 (8th Cir.1902)). Criminal contempt, by contrast, carries an unconditional penalty, and the contempt cannot be purged. Fitzhugh, 296 Ark. at 139, 752 S.W.2d at 276–277.

50.    CCP 1211. (a)When a contempt is committed in the immediate view and presence of the court, or of the judge at chambers, it may be punished summarily; for which an order must be made, reciting the facts as occurring in such immediate view and presence, adjudging that the person proceeded against is thereby guilty of a contempt, and that he be punished as therein prescribed.

    When the contempt is not committed in the immediate view and presence of the court, or of the judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the contempt, or a statement of the facts by the referees or arbitrators, or other judicial officers.

51.    Henceforth the writ which is called Praecipe shall not be served on any one for any holding so as to cause a free man to lose his court. Magna Carta, Article 34, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson.

52.    "[T]o none deny or delay, right or justice." Magna Carta, Clause 40, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson

53.    "The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record." Ex parte Kearny, 55 Cal. 212; 7 Cal.Jur 579 .

54.    "But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be." Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barratt, 5 Cal. 195; 7 Cal. Jur. 579.

55.    "And if at a later time its acts are shown to have been in excess of the power conferred upon it or without the limits of this special jurisdiction, such acts are nugatory and have no binding effect, even upon those who have invoked its authority or submitted to its decision." Estate of Sutro, 143 Cal. 487, 77 Pac. 402; Heydenfeldt V. Superior Court, 117 Cal. 348, 49 Pac. 210; Long v. Superior Court, 102 Cal. 449, 36 Pac. 807; Neary v. Godfrey, 102 Cal. 338, 36 Pac. 655; Smith v. Westerfield, 88 Cal. 374, 26

Pac. 206; Umbarger v. Chaboya, 49 Cal. 525; 7 Cal.Jur. 579.

56. If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract. [Uniform Commercial Code § 3-603, a]

57. If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an endorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates. [Uniform Commercial Code § 3-603, b]

58. If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract. [AR Code § 4-3-603, a]

59. A national bank cannot act as broker in lending its depositors' money to third persons. Byron v. First Nat. Bank of Rosenburg, Or. 1915, 146 P. 516, 75 Or. 296.

60. A national bank is not authorized to act as a broker in loaning the money of others. Gro v. Cockrill, Ark. 1897, 39 S.W. 60, 63 Ark. 418.  See, also, Keyser v. Hitz, Dist Col 1883, 2 Mackey, 513.

61. Officers of national bank in handling its funds are acting in a fiduciary capacity, and cannot make loans and furnish money contrary to law or in such improvident manner as to imperil its funds.  First Nat. Bank v. Humphreys, Okla. 1917, 168 P. 410, 66 Okla 186

62. National bank is not authorized under national banking laws to lend deposited money on depositor's behalf.  Carr v. Weiser State Bank of Weiser, Idaho 1937, 66 P.2d 1116, 57 Idaho 599.

63. Under this section, a national bank had no authority to enter into a contract for loaning money of a depositor kept in a deposit account through its cashier authorized by the depositor to draw thereon to make loans.  Holmes v. Uvalde Nat. Bank., TexCiv.App. 1920, 222 S.W. 640, error refused.

64. A bank has no right to loan the money of other persons. Grow v. Cockrill, Ark. 1897, 39 S.W. 60, 63 Ark. 418.

65. Footnote 10, Promissory notes are only evidences of debt, and not debts themselves. Wheeler v. Sohmer, comptroller of the State of New York

66. Unequivocally the Court's rule is that in order to prove the "instrument", possession is mandatory.  In addition to the note, another element of proof is necessary—an accounting that is signed and dated by the person responsible for the account.  Claim of damages, to be admissible as evidence must incorporate records such as a general ledger and accounting of an alleged unpaid promissory note, the person responsible for preparing and maintaining the account general ledger must provide a complete accounting which must be sworn to and dated by the person who maintained the ledger.  See Pacific Concrete F.C.U.V. Kauanoe, 62 Haw. 334, 614 P.2d 936 (1980),

GE Capital Hawaii, Inc. v. Yonenaka, 25 P.3d 807, 96 Hawaii 32, (Hawaii App 2001), Fooks v. Norwich Housing Authority 28 Conn. I. Rptr.

67.    "It is essential to the creation of a contract that there be a mutual or reciprocal assent." Sanford v. Abrams (1888) 24 Fla. 181, 2 So. 373, Ross v. Savage (1913) 66 Fla. 106, 63 So. 148, McCay v. Sever (1929) 98 Fla 710, 124 So. 44; United State Rubber Products, Inc. v. Clark (1941) 145 Fla 631, 200 So. 385, Mann v. Thompson (1958, Fla App D1) 100 So. 2D 634

68.    "…that the Constitution is but the expression of the will of the people in whom all sovereignty resides subject only to the paramount obligation of obedience to the federal Constitution." Dickinson v. Reeder, 220 S.W. 32, 35 (Ark. 1920)

69.    "Nothing can be more material to the obligation than the means of enforcement. Without the remedy the contract may indeed, in the sense of law, be said to not exist and its obligation to fall within the class of those moral and social duties which depend for their performance wholly upon the will of the individual. The ideas of validity and remedy are inseparable, and both are parts of the obligation, which is a guaranteed by the Constitution against invasion. The obligation of a contract is the law which binds the parties to perform their agreement." RED CROSS LINE vs ATLANTIC FRUIT COMPANY, 264 U.S. 109, 68 L. Ed. 582, 44 S. Ct. 274 February 18, 1924 Decided

70.    Without a meeting of the minds of the parties on an essential element, there can be no enforceable contract. Hettenbaugh v. Keyes-Oron-Fincher Ins., Inc. (1962, Fla App D3) 147 So 2d 328, Goff v. Indian Lake Estates, Inc. (1965, Fla App D2) 178 So 2d 910

71.    In order to form a contract, the parties must have a distinct understanding, common to both, and without doubt or difference. Unless all understand alike, there can be no assent, and therefore no contract. Webster Lumber Co. v. Lincoln (1927) 94 Fla 1097, 115 So 498, Minsky's Follies of Florida, Inc. v. Sennes (1953 206 F2d 1; O'neill v. Corporate Trustees, Inc. (1967) 376 F2d 818

72.    The people are the source of all power under our republican form of government…. As we said in the case of Mack v. Johnson, 59 Ark. 333, 27 S. W. 231: "The people are sovereign, and when the sovereign body has clearly moved, and that movement gives evidence of irresistible force and continuance, the various systems of officials constituting the existing government must heed and bow to it, or go down before it." State ex rel. City of Little Rock v. Donaghey, 106 Ark. 56, 152 S.W. 746, 752 (1912)

73.    PEOPLE, n. [L. populus.] The body of persons who compose a community, town, city or nation. We say, the people of a town; the people of London or Paris; the English people. In this sense, the word is not used in the plural, but it comprehends all classes of inhabitants, considered as a collective body,… Webster's 1828 Dictionary

74.    PEOPLE…considered as…**any portion** of the inhabitants of a city or country. Webster's 1828 Dictionary [Emphasis Added]

75.    In a republican form of government the people select delegates to form a fundamental law for the government and control of such persons as may be called to exercise the duties prescribed. To use the expression of another, they build a capitol, erect its

pillars and its walls, surround it with bulwarks, and assign to each department its various duties. This done, the members of a constitutional convention disperse; the people send the officers who are to take charge of the various departments, and the three branches represent the sovereignty of the State. State v. Nichols, 26 Ark. 74, 76 (1870)

76. There is no such thing as a power of inherent sovereignty in the government of the United States...In this country sovereignty resides in the people, and Congress can exercise no power which they have not, by their Constitution entrusted to it. All else is withheld." Jul Hard v. Green man, 110 U.S. 421 (1884)

77. After exclusive jurisdiction over lands within a State have been ceded to the United States, private property located thereon is not subject to taxation by the State, nor can state statutes enacted subsequent to the transfer have any operation therein. Surplus Trading Company v. Cook, 281 U.S. 647; Western Union Telegraph Co. v. Chiles, 214 U.S. 274; Arlington Hotel v. Fant, 278 U.S. 439; Pacific Coast Dairy v. Department of Agriculture, 318 U.S. 285

78. The proceedings of the courts of common law are records. But every minute made by a clerk of a court for his own future guidance in making up his record is not a record. 4 Wash. C.C. 698. See 10 Penn. St. 157; 2 Pick. Mass. 448; 4 N. II. 450; 6 id. 567; 5 Ohio St. 545; 3 Wend. N.Y. 267; 2 Vt. 573; 6 id. 580; 5 Day, Conn. 363; 3 T. B. Monr. Ky. 63.

79. The practice of Law can not be licensed by any state/State [Schware v. Board of Examiners, 353 U.S. 238, 239], The practice of Law is an occupation of common right! [Sims v. Aherns, 271 S.W. 720 (1925)]

80. Schware v. Board of Bar Examiners, 353 U.S. 232 (1957) ("A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process Clause of the Fourteenth Amendment.")

81. Schware v. Board of Bar Examiners, 353 U.S. 232, 239 n.5 (1957) ("We need not enter into a discussion whether the practice of law is a "right" or "privilege." Regardless of how the State's grant of permission to engage in this occupation is characterized, it is sufficient to say that a person cannot be prevented from practicing except for valid reasons. Certainly the practice of law is not a matter of the State's grace. Ex parte Garland, 4 Wall. 333, 379.")

82. Sovereignty itself is, of course, not subject to law, for it is the author and source of law...While sovereign powers are delegated to...the government,sovereignty itself remains with the people." Yick Wo v. Hopkins, 118 U.S. 356 (1886)

83. "In the United States, sovereignty resides in the people...the Congress cannot invoke sovereign power of the People to override their will as thus declared." Perry v. U.S., 294 U.S. 330 (1935)

84. "State. A people permanently occupying afixed territory bound together by common-law habits and custom into one body politic exercising,through the medium of an organized government, independent sovereignty and control over allpersons and things within its boundaries, capable of making war and peace and of entering into

international relations with other communities of the globe." United States v. Kusche, D.C.Cal., 56F.Supp. 201 207, 208. [Black's Law Dictionary, Sixth Edition, p. 1407]

85.   The state cannot diminish rights of the people. [Hurtado v. California, 110 US 516.]

86.   "It will be admitted on all hands that with the exception of the powers granted to the states and the federal government through the Constitutions, the people of the several states are unconditionally sovereign within their respective states." Lansing v. Smith, 4 Wendell 9, (NY) 6 How416, 14 L. Ed. 997

87.   "The doctrine of Sovereign Immunity is one of the Common-Law immunities and defenses that are available to the Sovereign. Sovereignty itself is, of course, not subject to law, for it is the author and source of law; but in our system, while sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people, by whom and for whom all government exists and acts And the law is the definition and limitation of power…" Yick Wo v. Hopkins, 118 US 356, 370 and Terry v. Ohio, 392 US 1, 40

88.   The word "shall" will be made to read as the equivalent of "may" if such construction is necessary to avoid the unconstitutionality of an act. City of Des Moines v. Manhattan Oil Co., 193 Iowa, 1096, 184 N.W. 823, 188 N.W. 921, 23 A.L.R. 1322; Reed v. Wellman, 110 Neb. 166, 193 N.W. 261. As against the government, it has been held that "shall" is not mandatory unless the Legislature clearly intended it so to be. Cairo F.R. Co. v. Hecht, 95 U.S. 168, 24 L. Ed. 423 ; Anderson's Appeal, 215 Pa. 119, 64 A. 443. In other cases, where a question of constitutionality is not dependent on the construction, it is ordinarily the rule that "shall" is presumed to have a meaning of command rather than of permission. Rea v. Board of Aldermen of City of Everett, 217 Mass. 427, 105 N.E. 618, Ann. Cas. 1915C, 1003; Haythorn v. Van Keuren Son, 79 N.J. Law, 101, 74 A. 502, 504. "If a different interpretation is sought, it must rest upon something in the character of the legislation or in the context which will justify a different meaning." Haythorn v. Van Keuren Son, supra, quoted with approval by the Court of Errors and Appeals of New Jersey in Foley v. City of Orange, 91 N.J. Law, 554, 103 A. 743. GOW v. CONSOLIDATED COPPERMINES CORP, 19 Del. Ch. 172, 182 (Del. Ch. 1933)

89.   It is true that the statute before us here is phrased "shall be assessed," but very often "shall" in a statute is construed to mean "may," especially in order to avoid a constitutional doubt. We conclude that the statute in question provides for the levying of special assessments in proportion to benefits received. This being so, the statute is constitutional and any questions as to the procedure in the instant case can be raised only on an appeal taken under the statute.

90.   RESERVATION OF SOVEREIGNTY: "Even if the Tribe's power to tax were derived solely from its power to exclude non-Indians from the reservation, the Tribe has the authority to impose the severance tax. Non-Indians who lawfully enter tribal lands remain subject to a tribe's power to exclude them, which power includes the lesser power to tax or place other conditions on the non-Indian's conduct or continued presence on the reservation. The Tribe's role as commercial partner with petitioners should not be confused with its role as sovereign. It is one thing to find that the Tribe

has agreed to sell the right to use the land and take valuable minerals from it, and quite another to find that the Tribe has abandoned its sovereign powers simply because it has not expressly reserved them through a contract. To presume that a sovereign forever waives the right to exercise one of its powers unless it expressly reserves the right to exercise that power in a commercial agreement turns the concept of sovereignty on its head. Merrion v. Jicarilla Apache Tribe; Amoco Production Company v. Jicarilla Apache Indian Tribe, 455 U.S. 130, 131, 102 S.Ct. 894, 71 L.Ed.2d 21 (1981)

91.    The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. Jones v. Ross, 2019 Ark. 283, 2019 WL 5288148. A writ of mandamus is issued by this court to compel an official or a judge to take some action. Id. A writ of mandamus will not lie to control or review matters of discretion and is used to enforce an established right. Id. Issuance of the writ of mandamus is appropriate only when the duty to be compelled is ministerial and not discretionary. Id. Mandamus will compel a judge to act when he or she should act, but it will not be used to tell a judge how to decide a judicial question. Williams v. Porch, 2018 Ark. 1, 534 S.W.3d 152.

92.    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. 42 USC 1983

93.    Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death. 18 USC 242

94.    "the people of the several States are absolutely and unconditionally sovereign within their respective territories" The Ohio Life Insurance and Trust Company  v. Henry

Debolt, Treasurer of Hamilton County, 57 U.S. 416, 16 How. 416, 14 L.Ed. 997 (1853)

95. "Policy never becomes law no matter how well used or well accepted. Policy never gains legal authority by usage." Hall v. State, 933 S.W.2d 363, 326 Ark. 318. [Emphasis added]

96. 63C Am.Jur.2d, Public Officers and Employees, §247* "As expressed otherwise, the powers delegated to a public officer are held in trust for the people and are to be exercised in behalf of the government or of all citizens who may need the intervention of the officer. [1] Furthermore, the view has been expressed that all public officers, within whatever branch and whatever level of government, and whatever be their private vocations, are trustees of the people, and accordingly labor under every disability and prohibition imposed by law upon trustees relative to the making of personal financial gain from a discharge of their trusts. ..[3] and owes a fiduciary duty to the public... [4] It has been said that the fiduciary responsibilities of a public officer cannot be less than those of a private individual. [5] Furthermore, it has been stated that any enterprise undertaken by the public official who tends to weaken public confidence and undermine the sense of security for individual rights is against public policy. Fraud in its elementary common law sense of deceit-and this is one of the meanings that fraud bears [483 U.S. 372] in the statute. See United States v. Dial, 757 F.2d 163, 168 (7th Cir1985) includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public, ... and if he deliberately conceals material information from them, he is guilty of fraud. McNally v United States 483 U.S. 350 (1987) [Emphasis added]

97. "An unconstitutional act is not law; it confers no rights; it imposes no duties..." Norton v. Shelby County 118 U.S. 425

98. In the United States, sovereignty resides in the people who act through the organs established by the Constitution. Chisholm v. Georgia, 2 Dall. 419, 471, 1 L.Ed. 440; Penhallow v. Doane's Administrators, 3 Dall. 54, 93, 1 L.Ed. 507; McCulloch v. Maryland, 4 Wheat. 316, 404, 405, 4 L.Ed. 579; Yick Wo v. Hopkins, 118 U.S. 356, 370, 6 S.Ct. 1064, 30 L.Ed. 220. The Congress as the instrumentality of sovereignty is endowed with certain powers to be exerted on behalf of the people in the manner and with the effect the Constitution ordains. The Congress cannot invoke the sovereign power of the people to override their will as thus declared. Perry v. United States, 294 U.S. 330, 353 (1935).

99. "The individual ... owes no duty to the state . . . since he receives nothing there-from, beyond the protection of his life and property. His rights are such as existed by the law of the land long antecedent to the organization of the state,... He owes nothing to the public so long as he does not trespass upon their rights." Hale v. Henkel, 201 U.S. 43.

100. "The rights of the individual are not derived from governmental agencies, either municipal, state or federal, or even from the Constitution. They exist inherently in every man, by endowment of the Creator, and are merely reaffirmed in the Constitution, and restricted only to the extent that they have been voluntarily surrendered by the citizenship to the agencies of government. The people's rights are

not derived from the government, but the government's authority comes from the people." City of Dallas v. Mitchell, 245 S.W. 944 (Tex. App. - Dallas [5th Dist.], 1922)

101.    "The power to create presumptions is not a means of escape from constitutional restrictions," Bailey v. Alabama, 219 U.S. 219, 239

102.    A conclusive presumption may be defeated where its application would impair a party's constitutionally-protected liberty or property interests." Vladis v. Kline 412 US 441, 449 (1973); Cleveland Bd. of Ed. v. La Fleur, 414 US 632, 639, 640 (1974)

103.    Administrative agency may not, under guise of its rule making power, abridge or enlarge its authority or act beyond powers given it by statute which is source of its power; administrative regulations that alter or amend statute or enlarge or impair its scope are void. San Bernardino Valley Audubon Soc. V. City of Moreno Valley, 51 Cal.Rptr.2d. 897 (1996, Cal.App. 4th Dist)

104.    The Hobbs Act defines "extortion" as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 USC §1951(b)(2).

105.    "Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." Miranda v. Arizona, 384 US 436, 491.

106.    "A practice condemned by the Constitution cannot be saved by historical acceptance and present convenience. U.S. v. Woodley, 726 F.2d 1328, 1338 (9th Cir. 1984)

107.    "When a government agent acts in an unconstitutional manner, the agent becomes personally liable for damages." Bivens v. Six Unknown Agents, 403 U.S. 388, 29 L. Ed 2d 619, 91 S.Ct.1999 (1970);

108.    "One's right to life, liberty and property... and other fundamental rights may not be submitted to vote; they depend on the outcome of no elections." West Virginia Bd. of Ed. v. Barnett, 319 US 624, 638 (1943)

109.    "It is obviously correct that no one acquires a vested or protected right in violation of the Constitution by long use, even when that span of time covers our entire national existence and indeed predates it." Walz v. Tax Commission of New York Justice, 397 U.S. 664 at 678 (1970)

110.    COLOR OF LAW: The appearance or semblance, without the substance, of legal right. Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state, is action taken under color of law. Atkins v. Lanning, D.C. Okl. 415, F. Supp. 186, 188. [Black's Law Dictionary, 5th Ed. pg. 241, (1979)]

111.    FRAUD: An intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right; a false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or by concealment of that which should have been disclosed, which deceives and is intended to deceive another so that he shall act upon it to his legal injury.

112. "The constitutional right of men to pursue their "happiness" means the right to pursue any lawful business or vocation, in any manner not inconsistent with the equal rights of others, which may increase their prosperity, or develop their faculties, so as to give to them their highest enjoyment. Butchers' Union Co. v. Crescent Justice Co., 111 U.S. 746, 4 S.Ct. 652, 28 L.Ed. 585." [Black's Law Dictionary, 5th Edition, pg 645, (1979)]

113. "It has been long established that a State may not impose a penalty upon those who exercise a right guaranteed by the Constitution." Frost &Frost Trucking Co. v. Railroad Comm'n of California, 271 U.S. 583.

114. "...where the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions. The officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden. His actions are ultra vires his authority and therefore may be made the object of specific relief. It is important to note (Page 690 ) that in such cases the relief can be granted, without impleading the sovereign, only because of the officer's lack of delegated power. A claim of error in the exercise of that power is therefore not sufficient. (Page 692) The respondent's contention, which the Court of Appeals sustained, was that there exists a third category of cases in which the action of a Government official may be restrained or directed. If, says the respondent, an officer of the Government wrongly takes or holds specific property to which the plaintiff has title then his taking or holding is a tort, and 'illegal' as a matter of general law, whether or not it be within his delegated powers. He may therefore be sued individually to prevent the 'illegal' taking or to recover the property 'illegally' held." Larson v. Domestic Foreign Commerce Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949)

115. All lands in this State are declared to be allodial; and feudal tenures of every description, with all their incidents, are prohibited. Constitution of the State of Arkansas, Article II § 28

116. "However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them; the question is, whether on the case before a court, their action is judicial or extra-judicial; with or without the authority of law, to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction; what shall be adjudged or decreed between the parties, and with which is the right of the case, is judicial action, by hearing and determining it. 6 Peters, 709; 4 Russell, 415; 3 Peters, 203-7" Cited by STATE OF RHODE ISLAND v. COM. OF MASSACHUSETTS, 37 U.S. 657, 718 (1838)

117. "Where a court has jurisdiction, it has a right to decide any question which occurs in the cause, and whether its decision be correct or otherwise, its judgments, until reversed, are regarded as binding in every other court. But if it act without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply

void, and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no justification, and all persons concerned in executing such judgments or sentences are considered in law as trespassers." Elliott v Peirsol, 1 Pet. 328, 340, 26 U.S. 328, 340, 7L.Ed. 164 (1828)

118. "...jurisdiction cannot be assumed by a District Court nor conferred by agreement of the parties, but it is incumbent upon plaintiff to allege in clear terms, the necessary facts showing jurisdiction which must be proved by convincing evidence." Harris v. American Legion, 162 F. Supp. 700

119. Generally, a plaintiff's allegations of jurisdiction are sufficient, but when they are questioned, as in this case, the burden is on the plaintiff to prove jurisdiction. 469 F.2d 416 (1972)

120. When it clearly appears that the court lacks jurisdiction, the court has no authority to reach the merits. In such a situation the action should be dismissed for want of jurisdiction. [Melo v. US, 505 F2d 1026, 1030]

121. "It is most true that this Court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the constitution. We cannot pass it by because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution. Questions may occur which we would gladly avoid; but we cannot avoid them. All we can do is, to exercise our best judgment, and conscientiously to perform our duty. In doing this, on the present occasion, we find this tribunal invested with appellate jurisdiction in all cases arising under the constitution and laws of the United States. We find no exception to this grant, and we cannot insert one." Cohens v. Virginia, 19 U.S. 264, 404, 5 L.Ed. 257, 6 Wheat. 264 (1821)

122. Where there is no jurisdiction over the subject matter, there is, as well, no discretion to ignore that lack of jurisdiction. [John J. Joyce v. United States of America, 474 F.2d 215, 219] Joyce v. U.S., 474 F.2d 215, 219 (C.A.3 (Pa.), 1973)