**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JEREMY WAYNE STEVENS**                                               **PLAINTIFF**

**v.**                            **Case No. 4:23-cv-01134-KGB**

**JODI RAINES DENNIS**                                               **DEFENDANT**

<u>**ORDER**</u>

Before the Court is defendant the Honorable Jodi Raines Dennis's motion to dismiss (Dkt. No. 3).  Plaintiff Jeremy Wayne Stevens filed a response to the motion to dismiss (Dkt. No. 5). Judge Dennis replied to Mr. Stevens's response to the motion to dismiss (Dkt. No. 7).

Also pending before the Court is Mr. Stevens's "judgment and order and order to show cause," which the Court construes as a motion for judgment and order and order to show cause (Dkt. No. 8).  Judge Dennis filed a response in opposition to Mr. Stevens's motion for judgment and order and order to show cause (Dkt. No. 9).

Mr. Stevens also filed a "writ of error *quae coram nobis* residant," which the Court construes as a motion for Order (Dkt. No. 11).  Judge Dennis has filed response in opposition to Mr. Stevens's motion for Order (Dkt. No. 12).

Mr. Stevens also filed a "judgment on show of cause (DE 12) and order to show cause," which the Court construed as a notice (Dkt. No. 13).  Judge Dennis has responded to Mr. Stevens's notice (Dkt. No. 14).

Mr. Stevens also filed a document he describes as follows:  "this is not a motion or pleading; this is a presentment of the Court" (Dkt. No. 15).  The Court construes this as a notice. Judge Dennis responded (Dkt. No. 16).

For the reasons stated in this Order, the Court grants Judge Dennis's motion to dismiss (Dkt. No. 28).  Having granted Judge Dennis's motion to dismiss, the Court denies as moot Mr. Stevens's motions for judgment and order and order to show cause and Mr. Stevens's motion for Order (Dkt. Nos. 8, 11).  The Court strikes Mr. Stevens' most recent notice pursuant to Federal Rule of Civil Procedure 12(f)(1) as scandalous matter because, in it, Mr. Stevens purports to issue orders from the Court (Dkt. No. 15).

## I.    Background

Mr. Stevens filed a *pro se* complaint consisting of 89 pages, including attachments, alleging claims against Judge Dennis (Dkt. No. 1).  From the Court's review of the *pro se* complaint, it appears that Mr. Stevens's claims relate to the state court action of *Simmons Bank v. Southern Domes, LLC and Jeremy Wayne Stevens,* Case No. 35CV-22-47, Jefferson County, Arkansas, Circuit Court, Complaint filed (January 24, 2022) (hereinafter "the *Simmons Bank* case").  Judge Dennis presided over the *Simmons Bank* case, which was a replevin action brought by Simmons Bank seeking repayment of a $30,000.00 loan issued in 2020 to Southern Domes, LLC, which was signed by Mr. Stevens and was secured by a security interest in 2015 Caterpillar 299 Skid Steer equipment.   *See* Arkansas Judiciary Website, Docket Search, http://caseinfo.arcourts.gov; *Simmons Bank v. Southern Domes, LLC, et al.*, Case No. 35CV-22-47, Complaint filed (January 24, 2022).  Mr. Stevens represented himself in the replevin action and attempted to represent Southern Domes, LLC (Dkt. No. 1, at 10–13).  *See Simmons Bank*, Case No. 35CV-22-47, Counterclaim for Jurisdiction and Account filed (August 25, 2022).  Judge Dennis granted

judgment in favor of Simmons Bank.  *Simmons Bank*, Case No. 35CV-22-47, Judgment filed (February 28, 2023).[1]

In his complaint filed in this Court, Mr. Stevens purportedly brings this action "for violation of the People's substantive rights under color of law and protected by the [U]nited States Constitution: Article IV § 4, Amendment V, and Amendment XIV § 1; 18 U.S.C. § 242 and 42 U.S.C. § 1983." (Dkt. No. 1, ¶ 6).  For relief, Mr. Stevens seeks judgment against Judge Dennis in the amount of $100,000.00 (*Id.*, ¶ 39).

In her motion to dismiss filed in this case, Judge Dennis contends that the Court may dismiss this complaint under 28 U.S.C. § 1915(e)(2)(B) because Mr. Stevens cannot prevail on the facts alleged in the complaint and amending the complaint would be futile (Dkt. No. 3, ¶ 5).  Judge Dennis also argues that the Court should dismiss Mr. Stevens's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim on which relief can be granted, and she is entitled to judicial immunity as to the actions taken in her role as presiding judge in the replevin action (*Id.*, ¶¶ 6–7).

## II.    Judge Dennis's Motion To Dismiss

### A.    Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has

---

[1]  Mr. Stevens attaches to his complaint a "judgment" that was filed October 19, 2022, by Mr. Stevens in the *Simmons Bank* case that was signed, dated, and "sealed" by Mr. Stevens but was not signed, dated, sealed, or entered by Judge Dennis (Dkt. No. 1, at 24–32).  On April 17, 2023, Judge Dennis entered an order striking the "judgment" and two other filings from the Circuit Court docket in the *Simmons Bank* case that were signed and filed by Mr. Stevens and not by Judge Dennis (*Id.*, at 73–74).

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations" to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A court considering a motion to dismiss must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences from those facts in favor of the non-moving party. *See Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001). However, a court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). A court ruling on a motion to dismiss under Rule 12(b)(6) may consider documents or exhibits attached to a complaint, as well as matters of public and administrative record referenced in the complaint. *See Owen v. Gen. Motors Corp.*, 533 F.3d 913, 918 (8th Cir. 2008); *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even with this

construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### B.     Discussion

It is difficult for the Court to discern from the complaint the claims that Mr. Stevens is raising against Judge Dennis related to the *Simmons Bank* case. Even if the Court were to assume that Mr. Stevens raised properly claims against Judge Dennis, Judge Dennis is entitled to judicial immunity. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 336 (1871)). Section 1983 specifically states that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity." *Simes v. Ark. Judicial Discipline and Disability Com'n*, Case No 4:10-cv-01047, 2012 WL 4460264, at *7 (E.D. Ark. Sept. 27, 2012). Further, judicial immunity bars declaratory relief where a litigant "seeks only a declaration of past liability, not a declaration of future rights . . . ." *Id*. at *8 (citing *Lawrence v. Kuenhold* 271 Fed. App'x 763, 766 (10th Cir. 2008)).

Mr. Stevens has alleged that Judge Dennis acted in excess of her jurisdiction (Dkt. No. 1, at 3).  Mr. Stevens asserts that Judge Dennis was a "magistrate" with "no judicial authority or discretion . . . to perform any actions she performed in any court not of record" (Dkt. No. 1, at 3).  Mr. Stevens's statements are incorrect.  Judge Dennis took actions in the *Simmons Bank* case in her official role as a judge for the Circuit Court of the State of Arkansas (Dkt. No. 1, at 9).  Accordingly, the doctrine of absolute judicial immunity applies here, and the Court grants Judge Dennis's motion to dismiss with prejudice Mr. Stevens's claims (Dkt. No. 3).

### III.     Most Recent Notice

In his most recent notice, Mr. Stevens attempts to make findings of fact and conclusions of law, including but not limited to assertions that "the judgment form the Court was issued and now stands without legitimate objection," despite no judgment having been entered yet in this case (Dkt. No. 15, at 10).  At the end of his attempts to make findings of fact and conclusions of law, Mr. Stevens purports to find the Clerk of Court and an employee of the Clerk's office in "contempt of this court for disobedience of the lawful orders of this court" (Dkt. No. 15, at 14).  Then, Mr. Stevens in this filing claims to issue an "ORDER TO SHOW CAUSE." (*Id.*).  Mr. Stevens signs this document as "One of the people of the United States" purportedly on behalf of "The Court" and affixes his "SEAL" to the document which he calls "[t]he Seal of the Court" (*Id.*).

"Upon motion made by a party. . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Because the Rule is stated in the permissive, courts have always understood that the district court enjoys "liberal discretion" under the Rule.  *Thor Corp. v. Automatic Washer Co.,* 91 F. Supp. 829, 832 (D.C. Iowa 1950); s*ee also F.D.I.C. v. Niblo,* 821 F. Supp. 441, 449 (N.D. Tex. 1993).  Despite this broad discretion however,

striking a party's pleadings is an extreme measure. *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977) (citing 5 Wright & Miller, *Federal Practice and Procedure: Civil § 1380* at 783 (1969)).

The measure of striking Mr. Stevens's most recent notice is warranted here. Mr. Stevens does not act as the Court or for the Court. He is a party to this lawsuit and, as such, has the rights of a party to this lawsuit. He may move the Court for relief, but he may not hold individuals in contempt, purport to issue Orders on behalf of the Court, or affix the seal of the Court to any matter without express permission of the Court. If he disagrees with rulings this Court makes, his recourse is to take an appeal to the Eighth Circuit Court of Appeals. The Court strikes Mr. Stevens' most recent notice pursuant to Federal Rule of Civil Procedure 12(f)(1) as scandalous matter because, in it, Mr. Stevens purports to issue orders from the Court (Dkt. No. 15).

### IV.   Conclusion

The Court grants Judge Dennis's motion to dismiss (Dkt. No. 3). The Court dismisses Mr. Stevens's complaint with prejudice (Dkt. No. 1). The Court denies as moot Mr. Stevens's motion for judgment and order and order to show cause (Dkt. No. 8) and motion for Order (Dkt. No. 11). The Court strikes Mr. Stevens' most recent notice pursuant to Federal Rule of Civil Procedure 12(f)(1) as scandalous matter because, in it, Mr. Stevens purports to issue orders from the Court (Dkt. No. 15).

It is so ordered this 3rd day of September, 2024.

Kristine G. Baker
Chief United States District Judge